John F. SCHMADER, Jr., Appellant

v.

**CRANBERRY TOWNSHIP BOARD OF SUPERVISORS.**

Commonwealth Court of Pennsylvania.

Argued April 16, 2013.

Decided June 7, 2013.

Dustin W. Cole, Hermitage, for appellant.

Sara J. Seidle, Clarion, for appellees Township of Cranberry and Cranberry Township Board of Supervisors.

BEFORE: PELLEGRINI, President Judge and LEADBETTER, Judge and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

Appellant, John F. Schmader, Jr. appeals from the order of the Court of Common Pleas of Venango County (common pleas) that quashed as untimely his appeal from a decision of the Cranberry Township Zoning Hearing Board (Board). We reverse.

Appellant owns a property located at 7263 U.S. Route 322 in Cranberry Township, Pennsylvania, where he operates a commercial office for the corporation commonly known as Remington Enterprises, Inc. The property consists of two parcels for purposes of Venango County tax assessment. The property is zoned R–1 Residential. On October 17, 2011, Appellant received two zoning enforcement orders stating that he was in violation of Section 71–10 of the Code of the Township of Cranberry (Code), because he was operating a business on the property, which was not a permitted use or a use allowed

by special exception or conditional use in the R–1 district. Appellant was ordered to cease operation of his business on the property.

Appellant filed appeals with the Board, which held a hearing. In a decision (Board's Decision) dated March 30, 2012, the Board denied Appellant's appeal concluding that he was operating a commercial business, which is not permitted by right, special exception or conditional use in a residential district. The Board also concluded that Appellant had not sought or been granted permission by the Township to conduct his business on the property. The Board's Decision was not accompanied by a transmittal letter or any other document stating the mailing date, or a document notifying Appellant of the commencement of the appeal period.

Appellant received the Board's Decision on April 3, 2012, and filed an appeal in the common pleas court on May 2, 2012. The Cranberry Township Board of Supervisors (the Township) intervened and, along with the Board, filed a joint motion to quash the appeal, asserting that Appellant's appeal was untimely under Section 5572 of the Judicial Code,[1] *as amended* 42 Pa.C.S. § 5572, and Section 1002–A(a) of the Pennsylvania Municipalities Planning Code (MPC),[2] *as amended*, 53 P.S. § 11002–A(a). The Township argued that the decision was mailed on March 30, 2011, and therefore, Appellant was required to file an appeal within 30 days of that date.

Appellant argued that inasmuch as the date of the mailing of the decision starts the 30–day appeal period, the Board had a duty to formally notify him of the date of mailing and that if such notice of mailing is not provided, the date of actual notice commences the appeal period. Common pleas quashed the appeal concluding that the recent amendment of Section 1002–A(a), which provided that the 30–day appeal period should apply to all cases unless an unconstitutional deprivation of due process would result, governed the appeal. Common pleas noted that Appellant had failed to argue that he suffered an unconstitutional deprivation of due process. This appeal followed.

Appellant argues that common pleas erred in its interpretation of Section 1002–A(a) and ignored relevant case law from both the Pennsylvania Supreme Court and this Court. Appellant asserts that the Board was required to include in its decision notification of the actual mailing date and that the Board's failure to provide such notice requires that the 30–day appeal period be calculated from the date of receipt by Appellant, as it would be manifestly unjust to require him to guess the actual mailing date.

The Township argues that the appeal should be quashed, relying on the language in Section 1002–A, stating: "[i]t is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process

---

**1.** Section 5572 provides that the date of entry of an order is the date of service of an order of a government unit, which, in turn, is the date of mailing if service is by mail.

**2.** Act of July 31, 1968, P.L. 805. Section 1002–A, which was added by the Act of December 21, 1988, P.L. 1329, states, in pertinent part:

(a) All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the

judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) ... It is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process would result from its application, the 30–day limitation in this section should be applied in all appeals from decisions.

would result from its application, the 30–day limitation in this section should be applied in all appeals from decisions."

Appellants "must strictly adhere to the statutory provisions for filing an appeal." *Criss v. Wise*, 566 Pa. 437, 441, 781 A.2d 1156, 1159 (2001). Where an act of the General Assembly provides for the time within which an appeal may be taken, courts have no power to extend it, or to allow the act to be done at a later day. *Julia Ribaudo Senior Services v. Department of Public Welfare*, 600 Pa. 641, 648–49, 969 A.2d 1184, 1189 (2009). When the appeal period is triggered by administrative action, the administrative agency has a duty to provide to the recipient information essential to calculating the appeal period. *See Schmidt v. Commonwealth*, 495 Pa. 238, 241, 433 A.2d 456, 458 (1981). Without such information, the recipient has no reliable basis for knowing the number of days remaining in which to file a petition for review. *Id.*

Appellant relies upon *Schmidt* and *Hanna v. Zoning Board of Adjustment of Pittsburgh*, 62 Pa.Cmwlth. 620, 437 A.2d 115 (1981). In *Schmidt*, which involved a tax reassessment, the Department of Revenue first mailed its decision, along with an *undated* transmittal letter, to the taxpayer on the date of the decision. The department also mailed a notice of its decision three days later. The applicable statute provided that the 60–day appeal period began on "the date of mailing of notice." Section 234 of the Tax Reform Code of 1971, 72 P.S. § 7234.[3] The taxpayer, who appealed 62 days after the first notice, but 59 days after the second notice, argued the first notice was ineffective to trigger the appeal period. The Pennsylvania Supreme Court found that, under the applicable statute, the department had a duty to inform the taxpayer of the mailing date of its reassessment decision because, without such information, the taxpayer had no way of knowing how much time he had to file an appeal. 495 Pa. 238, 242, 433 A.2d 456, 458. The Supreme Court held that the first notice was inadequate to trigger the appeal period, and found the appeal to be timely since the Department's failure to provide the requisite notice of the decision's mailing date justified the taxpayer's reliance on the date of the second notice of reassessment as the commencement of the period for appeal. *Id.* The Supreme Court rejected the contention that a postmark on an envelope carrying an agency decision could serve as notice of the date of mailing. *Id.*

In *Hanna*, the property owner appealed the zoning board's denial of a variance. The decision was dated December 4, 1980, and was mailed to the property along with a transmittal letter of the same date. However, none of the documents contained a mailing date. The property owner filed his appeal on January 13, 1981, asserting that he received notice of the board's decision on or about December 14, 1980. The trial court quashed the appeal *sua sponte* under Sections 5571 and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571, 5572. Relying on *Schmidt*, this Court reversed the trial court holding that it "was incumbent on the [b]oard to include in the notification of its decision the actual date on which the decision was mailed." 437 A.2d at 117. This Court further held that the transmittal letter did not satisfy the board's burden of proving that the property owner had been given notice of the mailing date of the decision. *Id.* The Court concluded that it was error to quash the appeal since there was nothing in the record which would indicate when the decision was mailed. *Id.* at 118.

**3.** Act of March 4, 1971, P.L. 6.

In *Julia Ribaudo*, the Supreme Court considered whether the department's notice to the nursing facility of its audit decision, which was date-stamped March 31, 2004, but did not specify a mailing date, was sufficient to trigger the appeal period. The decision included a letter notifying the facility that if it disagreed with the audit it was required to file a written request for a hearing within 33 days of the date of the letter. The Supreme Court reviewed *Schmidt* and various Commonwealth Court cases dealing with the commencement of an appeal period and concluded that the Department's notice was sufficient because it specifically addressed the commencement of the appeal period. The Supreme Court ultimately held:

> We reaffirm our approach in *Schmidt*, and hold that whether an agency's notice of adjudication triggers the start of an appeal period depends on whether, consistent with the applicable statute, the notice sufficiently informs the recipient of the starting date of the appeal period so that the recipient has all the information needed to timely exercise its appeal rights.

600 Pa. at 655–56, 969 A.2d at 1193.

■ Common pleas concluded that the language of Section 5572 of the Judicial Code and Section 1002–A of the MPC were clear and that Appellant had not effectively argued that he had suffered an unconstitutional deprivation of due process. According to common pleas, because the decision of the Board was dated March 30, 2012, the appeal period expired on April 30, 2012. Common pleas' ruling implicitly holds that the amendment to Section 1002–A relieves an agency of its obligation to inform a party of the mailing date or otherwise notify a party of the commencement of the appeal period.

We reject such a conclusion. The amendment to Section 1002–A cannot be construed to completely eradicate an agency's obligation to notify a party of the date of mailing, or in some fashion of the date the appeal period begins. Indeed, the *Schmidt* decision affirmed the right of the General Assembly to mandate the date of mailing as the commencement of the appeal period, but nonetheless required *notice* of that date. Moreover, the conceptual underpinning of the *Schmidt* line of decisions is clearly based on principles of due process. In *Schmidt*, the Supreme Court opined that it would be "manifestly unjust" to dismiss an appeal where the agency failed to inform the taxpayer of the mailing date. 495 Pa. at 242, 433 A.2d at 457. Further, it stated that "[k]nowledge of a decision's mailing date is *essential*.'" *Id.* (emphasis original). Thus, we believe that the intent of the legislature in creating a due process exception in Section 1002–A was precisely to carve out the situation presented in *Schmidt*. The *Schmidt* line of cases remains viable and is controlling here. Because of the Board's failure, Appellant was justified in filing his appeal within 30 days of receipt of the Board's decision.

Accordingly, we reverse the order of the court below and remand for further proceedings.

### *ORDER*

AND NOW, this 7th day of June, 2013, the order of the Court of Common Pleas of Venango County is hereby REVERSED and the above-captioned matter is remanded to that court for further proceedings.

Jurisdiction relinquished.