CALIFORNIA UNIVERSITY OF PENNSYLVANIA, Appellant

v.

ZONING HEARING BOARD OF THE BOROUGH OF CALIFORNIA and the Borough of California, Washington County, Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2014.

Decided Dec. 19, 2014.

Reargument or Reconsideration Denied Jan. 28, 2015.

Patrick Sorek, Pittsburgh, for appellant.

Thomas P. Agrafiotis, Charleroi, for appellee Borough of California.

BEFORE: BERNARD L. McGINLEY, Judge, and ANNE E. COVEY, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge COVEY.

■ California University of Pennsylvania (California University) appeals from the Washington County Common Pleas Court's (trial court) April 25, 2014 order dismissing its appeal. There are two issues before the Court: (1) whether California University filed a timely Notice of Appeal; and (2) whether California University's appeal should have been permitted to proceed *nunc pro tunc*.[1] After review, we vacate and remand.

On November 12, 2012, the California Borough (Borough) enacted Zoning Ordinance (Ordinance) No. 534 which amended its then-existing Ordinance No. 496, to allow for the conditional sale and use of alcohol at California University's Convocation Center located in the Borough's Institutional District. Section 2 of Ordinance No. 534 requires California University to pay certain fees to the Borough based on the number of persons that attend events at California University's Convocation Center at which alcohol is served. On or about November 21, 2012, California University filed a Notice of Appeal from Ordinance No. 534's enactment to the California Borough Zoning Hearing Board (ZHB) and requested an interpretation of that Ordinance. The ZHB held hearings on December 20, 2012, June 18, 2013 and September 11, 2013, at which both the Borough and California University presented evidence. On December 9, 2013, the ZHB held a special meeting and issued its written Findings of Fact, Conclusions of Law and Decision (collectively, Decision) which upheld Ordinance No. 534. California University's local representative Robert Thorn (Thorn) was present at the De-

---

1. In its "Statement of the Questions Involved" California University included the additional issue of whether the trial court should have held an evidentiary hearing. California University Br. at 4–6. However, this issue is not developed in the brief. "Because [California University] did not develop th[is] issue ... we will not address [it]." *Balshy v. Pennsylvania State Police,* 988 A.2d 813, 834 n. 9 (Pa.Cmwlth.2010).

cember 9, 2013 special meeting, and was handed a copy of the Decision on that date. On December 10, 2013, the ZHB mailed a copy of the Decision to Thorn and California University's counsel. The ZHB attached a letter to its mailed Decision, which advised California University that it had the right to appeal said Decision "within 30 days of receipt of this notice." Reproduced Record (R.R.) at 164a.

■ On January 8, 2014, California University's counsel mailed a Notice of Appeal from the ZHB's Decision to the Washington County Prothonotary's Office (Prothonotary). However, California University's counsel failed to include a filing fee for the Notice of Appeal. Upon being notified by the Prothonotary of its failure to include the filing fee, California University mailed the filing fee to the Prothonotary and the Notice of Appeal was ultimately filed on January 10, 2014 when the fee was received. On March 7, 2014, the Borough and the ZHB filed a motion to quash the appeal for untimeliness, which the trial court granted on April 25, 2014. California University appealed to this Court.[2]

■ California University argues that it filed a timely appeal. Specifically, California University contends that assuming arguendo the appeal deadline was January 9, 2014,[3] the Notice of Appeal was received by the Prothonotary on January 9, 2014, and thus was timely filed. We disagree. Section 1002–A of the [Pennsylvania Municipalities Planning Code (]MPC[)[4]] states that all appeals from land use decisions must be filed within thirty

days after entry of the decision. Section 2 of the Act of November 26, 1982 (Filing Fee Act), P.L. 744, 42 P.S. § 21072, states that '[f]iling shall mean and include docketing, entering, indexing and filing.' The filing fee is a statutory requirement, [S]ection 1725 of the Judicial Code, 42 Pa.C.S. § 1725, and, pursuant to [S]ection 3(b) of the Filing Fee Act, the prothonotary is not required to enter an appeal on the docket until the filing fee is paid. 42 P.S. § 21073(b).

*S. Chester Cnty. Concerned Citizens Org. v. Zoning Bd. of Lower Oxford Twp.*, 937 A.2d 1141, 1143 (Pa.Cmwlth.2007) (citation omitted).

■ Here, the filing fee was paid on January 10, 2014, and the Prothonotary docketed the appeal on that date. "Where ... the right to appeal is statutory, the appellant must act in strict accordance with the governing statutory provisions. The timeliness of an appeal and compliance with the statutory provisions that grant the right of appeal go to the jurisdiction of the court and its competency to act." *Id.* (citation omitted). Accordingly, if the proper appeal deadline was January 9, 2014, California University failed to perfect its appeal within the statutory 30–day period because its Notice of Appeal failed to be accompanied by the statutorily mandated filing fee.

California University further argues that because the ZHB handed a copy of its Decision to Thorn on December 9, 2013, mailed a copy of the Decision to Thorn and

---

2. "Our scope of review of a trial court's order quashing an appeal as untimely is limited to determining whether the trial court abused its discretion or committed an error of law." *S. Chester Cnty. Concerned Citizens Org. v. Zoning Bd. of Lower Oxford Twp.*, 937 A.2d 1141, 1143 n. 4 (Pa.Cmwlth.2007).

3. California University does not concede that January 9, 2014 is the appeal deadline, but rather it argued this issue in the alternative with other issues. We address this issue first for the sake of clarity.

4. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A.

California University's counsel the next day, and included a cover letter with the mailed Decision stating that California University had 30 days from the date of receipt to file an appeal, California University was given three different appeal deadlines. The ZHB and the Borough rejoin that because 30 days from the date of personal service to Thorn was January 8, 2014, and 30 days from the date of mailing was January 9, 2014, California University's Notice of Appeal filed on January 10, 2014 is untimely in both circumstances. However, neither the ZHB nor the Borough addresses the ZHB's cover letter which accompanied the Decision.

Section 1002–A(a) of the MPC provides:

**All appeals from all land use decisions** rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and **shall be filed within 30 days after entry of the decision** as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in [S]ection 908(9) of [the MPC.[5]] It is the express intent of the General Assembly that, ... the 30–day limitation in this section should be applied in all appeals from decisions.

53 P.S. § 11002–A(a) (emphasis added). Section 5572 of the Judicial Code states in relevant part: "The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter." 42 Pa.C.S. § 5572.

However, the Pennsylvania Supreme Court held:

Whether an agency's notice of adjudication triggers the start of an appeal period depends on whether, consistent with the applicable statute, the notice sufficiently informs the recipient of the starting date of the appeal period so that the recipient has all the information needed to timely exercise its appeal rights.

*Julia Ribaudo Senior Servs. v. Dep't of Pub. Welfare,* 600 Pa. 641, 969 A.2d 1184, 1193 (2009).

Here, the ZHB's cover letter included with the Decision expressly provided: "Enclosed is a copy of the written decision. **Also,** you **have** the **right to appeal** this decision to the [trial court] within **30 days of receipt of this notice.**" R.R. at 164a (emphasis added). The trial court opined "[t]his language clearly indicates the appeal period was to end thirty days thereafter [sic] **the mailing** of the Decision. The letter provided [California University] with *all* of the information needed to file a timely appeal in this matter." Trial Ct. Op. at 5 (bold emphasis added). In its recitation of the procedural history, the trial court stated: "[T]he [ZHB] attached a letter to its mailed Decision, which advised [California University] that it had the right to appeal said Decision within thirty (30) days **of the mailing date** of the letter." Trial Ct. Op. at 2. The trial court appears to be using the terms "mailing" and "receipt" interchangeably, which is clearly an error.[6] Accordingly, because the ZHB in its cover letter clearly advised California University of the specific appeal period, we must determine whether, based on this information, California University's Notice of Appeal was timely filed.

---

**5.** 53 P.S. § 10908(9).

**6.** *Black's Law Dictionary* 1038, 1382 (9th ed.2009) defines "mail" as "[t]o deposit ...

with the U.S. Postal Service[,]" and "receipt" as "the act of receiving something...."

■ California University contends that its appeal should have been permitted to proceed *nunc pro tunc* because there were breakdowns in both the administrative and judicial processes. "A delay in filing an appeal that is not attributable to the [appellant], such as the intervening negligence of a third[ ]party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief." *Smith v. Pennsylvania Bd. of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth.2013).

■ California University asserts that because the Prothonotary did not advise it that its Notice of Appeal would not be filed until the fee was paid there was an administrative breakdown. We disagree. Counsel's inadvertence in not including the fee, not the Prothonotary's failure to advise, is what caused the delay. "Counsel for [California University] failed to provide the required filing fee to the prothonotary within the [30–]day appeal period. Negligence on the part of counsel does not justify the grant of an appeal *nunc pro tunc*." *Dep't of Transp., Bureau of Motor Vehicles v. Shemer*, 157 Pa.Cmwlth. 380, 629 A.2d 1063, 1066 (1993) (italics added). Accordingly, this argument cannot stand.

California University also argues that the Board's notice, which triggers the running of the appeal period, was disjointed and confusing, and thus was a breakdown in the judicial process.[7] In this regard, we are constrained to agree. In *Borough of Duncansville v. Beard*, 919 A.2d 327 (Pa. Cmwlth.2007), the trial court ruled that "confusion flowed as a result of the trial court's entry of successive orders altering the directives of previous orders, and accepted th[e] resulting confusion as a basis for concluding that a breakdown in the courts occurred that excused the [appel-

lants] untimely filing of their appeal." *Id.* at 330. This Court agreed and held: "the process created confusion and constituted a breakdown in the operation of the court. Accordingly, we conclude[d] that the trial court did not err in granting the *nunc pro tunc* appeal[.]" *Id.* at 331 (italics added).

Moreover, in *Schmader v. Cranberry Township Board of Supervisors*, 67 A.3d 881 (Pa.Cmwlth.2013), the trial court quashed an appeal as untimely because the appellants filed their appeal within 30 days of receipt of the board's decision as opposed to 30 days of its mailing. However, the board's decision did not contain a cover letter or any indication of the mailing date. This Court, citing *Schmidt v. Commonwealth*, 495 Pa. 238, 433 A.2d 456 (1981), stated: "it would be 'manifestly unjust' to dismiss an appeal where the agency failed to inform the taxpayer of the mailing date." *Schmader*, 67 A.3d at 884. Thus, the *Schmader* Court held that: "Because of the [b]oard's failure, [the a]ppellant was justified in filing his appeal within 30 days of receipt of the [b]oard's decision." *Id.*

■ In the instant case, although the statute provides that the date of service is the date of entry of the order and date of mailing is date of service, the ZHB's cover letter expressly stated the appeal period began on the date of receipt, thus, creating confusion as to the actual date the appeal period began. It would be "manifestly unjust" to dismiss the appeal when the ZHB misinformed California University as to the appropriate appeal period. *Id.* The Decision was personally served on December 9, 2013, and mailed on December 10, 2013; however, we do not know what date the mailed Decision was received. Without knowing the date of receipt, this Court cannot determine what date the appeal

---

7. Appellee's counsel acknowledged said confusion at oral argument when the Court asked whether the cover letter was still being used, he answered "I hope not."

period began to run. Thus, this Court cannot rule whether California University's Notice of Appeal is to be considered timely, thereby entitling it to proceed *nunc pro tunc.*

> Nothing jurisdictional prohibits either [this C]ourt [or the trial court] from entertaining an appeal *nunc pro tunc.* When, however, a *nunc pro tunc* appeal involves a factual determination, the better forum to entertain the appeal is the trial court so that an evidentiary hearing may be conducted. *See Adoption of J.A.S.,* [330 Pa.Super. 151], 479 A.2d 8 (1984) (Superior Court remanded case to the trial court for an evidentiary hearing in a *nunc pro tunc* appeal). In contrast, if the parties can agree on the facts, there is no reason why we would not entertain the appeal. *See Bass* [*v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) ] (Supreme Court granted appeal *nunc pro tunc* where facts relating to the *nunc pro tunc* appeal were uncontroverted).

*Weiman by Trahey v. City of Phila.,* 129 Pa.Cmwlth. 25, 564 A.2d 557, 559 (1989) (italics added). Here, there remains a factual issue as to when the mailed Decision was received. "As we have indicated, where there is a factual determination that must be made, the better court to entertain the appeal *nunc pro tunc* is the trial court." *Id.* Because a factual determination must be made in this case, the trial court's order is vacated and the matter is remanded to the trial court for an evidentiary hearing on the sole issue as to what date California University received the mailed Decision. Once that finding is made the trial court shall determine whether California University is permitted to appeal *nunc pro tunc.*

### ORDER

AND NOW, this 19th day of December, 2014, the Washington County Common Pleas Court's (trial court) April 25, 2014 order is vacated, and the matter is remanded to the trial court for an evidentiary hearing consistent with this opinion.

Jurisdiction relinquished.