The Delaware Riverkeeper  :
Network and Maya van Rossum, :
The Delaware Riverkeeper,  :
     Petitioners  :
         :
   v.      : No. 1571 C.D. 2017
         : ARGUED: June 4, 2018
Department of Environmental :
Protection,      :
     Respondent  :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
    HONORABLE ELLEN CEISLER, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER       FILED: August 1, 2018

   Petitioners, The Delaware Riverkeeper Network and Maya van Rossum, The Delaware Riverkeeper (Riverkeeper, collectively), petition for review of the Pennsylvania Environmental Hearing Board's (EHB) October 24, 2017 Order denying Riverkeeper's Petition for Leave to File Appeal *Nunc Pro Tunc* (Nunc Pro Tunc Petition).[1] Through this Nunc Pro Tunc Petition, Riverkeeper requested

---

[1] The Delaware Riverkeeper Network is a non-profit organization established in 1988 to protect and restore the Delaware River, its associated watershed, tributaries and habitats. The . . . Network is a membership organization headquartered in Bristol, Pennsylvania, with more than 16,000 members. . . . Maya van Rossum is the Delaware Riverkeeper, a full-time, privately funded ombudsman who is responsible for the protection of the waterways in the Delaware River Watershed.

Nunc Pro Tunc Petition at 1.

permission to file what otherwise would have been an untimely challenge to Respondent Commonwealth of Pennsylvania, Department of Environmental Protection's (DEP) February 7, 2017 approval of Intervenor PennEast Pipeline Company, LLC's (PPC) Water Quality Certification application. This application pertained to PPC's PennEast Pipeline Project (PennEast Project), a natural gas pipeline that is slated to traverse portions of Bucks, Carbon, Luzerne, and Northampton Counties. Riverkeeper's Brief at 2-3; Reproduced Record (R.R.) at 18a. After careful review, we affirm the EHB.

## I.

To place this matter in the proper context, we must first examine the interplay between state and federal environmental regulatory schemes governing such pipelines. By virtue of the Natural Gas Act of 1938 (NGA),[2] "Congress [has] occupied the field of matters relating to wholesale sales and transportation of natural gas in interstate commerce," thereby almost completely preempting state laws and regulations in this area. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 305 (1988). Consequently, "the Federal Energy Regulatory Commission ('FERC') is the 'lead agency' for evaluating interstate [natural gas] pipeline projects. 15 U.S.C. § 717n(b)." *Del. Riverkeeper Network v. Sec'y of Pa. Dep't of Envtl. Prot. (Orion)*, 870 F.3d 171, 174 (3d Cir. 2017). The NGA's preemptive powers are not absolute, however, as the statute includes explicit preemption carve-outs declaring that

> [e]xcept as specifically provided in [the NGA], nothing in [the NGA] affects the rights of States under-- (1) the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 *et seq.*); (2) the Clean Air Act (42 U.S.C. 7401 *et seq.*); or (3) the Federal Water Pollution Control Act [(Clean Water Act)] (33 U.S.C. 1251 *et seq.*).

---

[2] 15 U.S.C. §§ 717-717z.

15 U.S.C. § 717b; *see Del. Riverkeeper Network v. Sec'y Pa. Dep't of Envtl. Prot. (Leidy Line)*, 833 F.3d 360, 372 (3d Cir. 2016) ("In other words, the only state action over interstate natural gas pipeline facilities that [can] be taken pursuant to federal law is state action taken under [these] statutes."). This exception thus preserves a limited regulatory role for state environmental agencies with regard to such pipelines, including a permit process necessitated by the Clean Water Act and known as a "Water Quality Certification."

> Section 401 of the Clean Water Act requires
>
>> [a]ny applicant for a Federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in any discharge into the navigable waters, [to] provide the licensing or permitting agency a [Water Quality C]ertification from the State in which the discharge originates or will originate, or, if appropriate, from the interstate water pollution control agency having jurisdiction over the navigable waters at the point where the discharge originates or will originate, that any such discharge will comply with the applicable provisions of sections 1311, 1312, 1313, 1316, and 1317 of [the Clean Water Act, which address effluent discharge and water quality levels].

33 U.S.C. § 1341(a)(1).

>> A Water Quality Certification confirms that a given facility will comply with federal discharge limitations and state water quality standards. . . . [T]he Water Quality Certification is by default a state permit, and the issuance and review of a Water Quality Certification is typically left to the states.

*Leidy Line*, 833 F.3d at 368-69. Once an applicant files a Water Quality Certification application, the Clean Water Act gives the relevant state agency (here, the DEP) one year from the filing date of the application to return a decision; a failure to do so results in waiver of the certification requirement. 33 U.S.C. § 1341(a)(1); *Leidy Line*,

3

833 F.3d at 369. If an individual or entity disagrees with the DEP's decision the NGA affords the individual or entity the right to petition the United States Court of Appeals for the Third Circuit (Third Circuit) for review. *See* 15 U.S.C. § 717r(d)(1); *Leidy Line*, 833 F.3d at 372 ("[A] state action taken pursuant to the Clean Water Act . . . is subject to review exclusively in the Courts of Appeals.").

Significantly, the question of *when exactly* that right attaches has not been completely settled, at least in the context of Pennsylvania's environmental regulatory scheme. This is due to the existence of the EHB, which is "an independent quasi-judicial agency" that has the "power and duty to hold hearings and issue adjudications . . . on orders, permits, licenses or decisions of the [DEP]." Sections 3(a) and 4(a) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. §§ 7513(a), 7514(a); *Orion*, 870 F.3d at 177-78.

> When an appeal is taken from DEP to the EHB, the EHB is required to conduct a hearing *de novo*. The EHB is not an appellate body with a limited scope of review attempting to determine if DEP's action can be supported by the evidence received at DEP's fact finding hearing. Rather, the EHB's duty is to determine if DEP's action can be sustained or supported by the evidence taken by the EHB.

*Leatherwood, Inc. v. Dep't of Envtl. Prot.*, 819 A.2d 604, 611 (Pa. Cmwlth. 2003) (internal citations omitted).

The Third Circuit has yet to decide whether it may exercise jurisdiction over a DEP Water Quality Certification-related petition for review where an EHB appeal addressing the same matter is still pending; however, it *has* concluded that a party's failure to file a timely appeal with the EHB renders the DEP's action final and, thus, ripe for review by the Third Circuit. *See Orion*, 870 F.3d at 177-78.

4

In *Orion*, Riverkeeper had petitioned for review of the DEP's approval of a Water Quality Certification application from Tennessee Gas Pipeline Company (Tennessee) for a 12.9-mile-long natural gas pipeline running through Pike and Wayne Counties, but did not also challenge that approval via a timely appeal to the EHB. *Id.* at 173-78. Riverkeeper argued, in part, that the NGA prevented the Third Circuit from exercising jurisdiction over the petition, because the underlying DEP decision was not reviewable until the state-level administrative process had been completed, which would not occur until the EHB had issued its own assessment. Thus, Riverkeeper sought to have the matter transferred to EHB on this basis. *Id.* at 175. The *Orion* court sidestepped the question of whether the NGA required administrative finality, noting that there were other pending cases on the Third Circuit's docket in which that question could be "better resolved." *Id.* at 176-78.[3] Still, the Third Circuit found that it had jurisdiction over the *Orion* petition, explaining that Riverkeeper's failure to appeal the DEP's decision to the EHB rendered that decision final and, thus, reviewable by the Third Circuit. *Id.* at 177-78.

**II.**

With all of this in mind, we now turn to the current matter. On February 9, 2016, PPC filed a Water Quality Certification application with the DEP for the PennEast Project, which the DEP approved on February 7, 2017. 47 Pa. B. 1218-1220 (2017); R.R. at 5a, 18a-19a, 25a-27a. DEP published notice of this approval in the Pennsylvania Bulletin on February 25, 2017, and included the following instruction:

> Any person aggrieved by this action may file a petition for review pursuant to Section 19(d) of the [NGA], 15

---

[3] The parties' briefs do not address whether the Third Circuit has since answered this question.

5

> U.S.C.A. § 717r(d), with the Office of the Clerk, United States Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1790 within 30 days of publication of this notice, or within 30 days of receipt of written notice of this action, whichever occurs first.

47 Pa. B. 1220 (2017); R.R. at 27a. In response, Riverkeeper petitioned the Third Circuit on February 28, 2017 for review of the DEP's approval of PPC's Water Quality Certification application, but, as in *Orion*, did not elect to appeal this approval to the EHB at that time. PPC's Brief at 5. To date, the Third Circuit has not rendered a decision on Riverkeeper's petition. *Id.*

On September 19, 2017, more than 6 months after the administrative appeal window had closed, Riverkeeper filed its Nunc Pro Tunc Petition with the EHB. Therein, Riverkeeper mentioned the *Orion* decision, without explaining that decision's relevance, and argued that it should be allowed to appeal the DEP's decision *nunc pro tunc* to the EHB, claiming "good cause" for granting such relief existed for two reasons. First, it was misled about its appeal options by the DEP's February 25, 2017 notice, which, in contrast to notices issued in other, similar matters, explicitly stated that the proper way to challenge the DEP's decision regarding PPC's Water Quality Certification application was by petitioning the Third Circuit, rather than through an appeal to the EHB. Memorandum of Law in Support of Nunc Pro Tunc Petition at 1-4. Second, in petitioning the Third Circuit for review, Riverkeeper claimed it was acting "with cognizance of the [United States District Court for the Middle District of Pennsylvania's] decision in *Tennessee Gas Pipeline Co. v. Delaware Riverkeeper Network* [*(Northeast Upgrade Project)*], 921

6

F. Supp. 2d 381 (M.D. Pa. 2013)." *Id.* at 6.[4] Riverkeeper analogized the putatively

deficient DEP notice to those at issue in *California University of Pennsylvania v.*

*Zoning Hearing Board*, 107 A.3d 241 (Pa. Cmwlth. 2014),[5] and *Department of*

*Transportation, Bureau of Traffic Safety v. Moore*, 554 A.2d 130 (Pa. Cmwlth.

1988).[6] In these cases, our Court held that the appellants were permitted to file

---

[4] In *Northeast Upgrade Project*, the District Court found that Section 19(d)(1) of the NGA, 15 U.S.C. § 717r(d)(1), barred the EHB from reviewing DEP decisions regarding pipeline-related permit applications made pursuant or closely related to requirements set forth by the Clean Water Act, and opined that, under the NGA, that role was reserved exclusively for the Third Circuit. 921 F. Supp. 2d at 387-96. On that basis, the District Court issued a preliminary injunction barring the EHB from reviewing challenges filed by a number of private environmental protection organizations (including Riverkeeper) regarding several permits the DEP had approved for the Northeast Upgrade natural gas pipeline project. *Id.* This decision did not enjoin the EHB from entertaining such challenges in other matters and, according to PPC, the District Court dismissed the *Northeast Upgrade Project* case on April 23, 2013. PPC's Brief at 15-16.

[5] In *California University of Pennsylvania v. Zoning Hearing Board*, we vacated the trial court's dismissal of a statutory appeal filed by California University. We held that there had been a breakdown in the judicial process, because the Zoning Hearing Board (ZHB) had erroneously informed the University, via the ZHB's cover letter attached to the copy of the decision that was mailed to the University, that the appeal window was open for thirty days after the University's receipt of the decision, rather than from the date of the decision's mailing. Accordingly, we remanded the matter to the trial court, with instructions to hold an evidentiary hearing to determine when exactly the University had received the decision and whether, based upon that date and the ZHB's incorrect instructions, the University should be allowed to file a *nunc pro tunc* appeal. 107 A.3d at 242-46.

[6] In *Department of Transportation, Bureau of Traffic Safety v. Moore*:
[Moore] received a citation on April 20, 1983 for an invalid registration sticker and was fined $44.00. Effective November 15, 1983, his [vehicle] operating privilege was suspended for failure to respond to that citation. He contend[ed] that he never received notice of this suspension and did not learn of it until he was cited on March 3, 1986 for failure to stop at a red light. At that time, he was also cited for driving while his operating privilege was suspended, in violation of Section 1543 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1543.
554 A.2d at 131.

7

appeals *nunc pro tunc* because they had received erroneous information from the relevant governmental entities, which prevented the appellants from appropriately exercising their appellate rights. Memorandum of Law in Support of Nunc Pro Tunc Petition at 5-6. In addition, Riverkeeper argued that neither the DEP nor PPC would be prejudiced by a *nunc pro tunc* appeal because, even if the appeal had been timely filed, the EHB would likely have stayed it until the Third Circuit entered a "ruling on its jurisdiction [over] these [kinds of] matters." *Id.* at 7.

PPC responded to Riverkeeper's request on October 3, 2017, opining that *nunc pro tunc* relief was not warranted under the circumstances. According to PPC,

> [a]lthough not cited in its [Nunc Pro Tunc Petition], Riverkeeper has made clear in multiple filings in various court proceedings that its argument that appeal to the EHB is proper is based upon the United States Court of Appeals for the
> First Circuit's decision in *Berkshire Environmental Action Team, Inc. v. Tennessee Gas Pipeline Company, LLC*, 851 F.3d 105 (1ˢᵗ Cir. 2017).[7] The *Berkshire* decision was

Subsequently, Moore appeared before a magisterial district judge, who told him that his operating privileges would be restored if he paid the citation fines, and did not discover that the judge had led him astray until the appeal window pertaining to the March 3, 1986 citations had closed, when the Department of Transportation notified him that it was suspending his operating privileges for six months. *Id.* On appeal, "[w]e agree[d] with the trial court that incorrect information given to the appellee by the district justice [was] sufficient reason to permit [Moore to appeal the March 3, 1986 citations] nunc pro tunc." *Id.* at 132.

[7] In *Berkshire*, the First Circuit dismissed a petition for review regarding the Massachusetts Department of Environmental Protection's (MassDEP) approval of a pipeline-related Water Quality Certification application for lack of jurisdiction. 851 F.3d at 113. The *Berkshire* court reviewed Massachusetts' administrative process pertaining to such applications, noting that an entity or individual may appeal a MassDEP decision regarding such an application, which will then result in a *de novo* hearing in which MassDEP must again review the application. *Id.* at 111-13. Because the *Berkshire* petitioners had filed a timely administrative appeal of MassDEP's application approval, and that appeal was still pending, the First Circuit concluded that there was no final agency determination, which thereby deprived it of subject matter jurisdiction. *Id.*

8

issued on March 15, 2017. At that time, 12 days remained in the 30 day period for appeal of the [DEP's approval of PPC's Water Quality Certification application] to the EHB. *See* 25 Pa. Code § 1021.52(a)(2)(i). Riverkeeper was well aware of *Berkshire* as soon as [that] decision was issued, as evidenced by the fact that Riverkeeper and its counsel have been citing to and making arguments based [up]on it ever since. Yet, Riverkeeper did not appeal . . . to the EHB before the deadline and [instead] waited an additional six months after *Berkshire* before seeking leave to file an appeal *nunc pro tunc*.

PPC's Memorandum of Law in Opposition to Nunc Pro Tunc Petition at 2.

PPC further highlighted a number of filings by Riverkeeper in other litigation, including:

- A March 21, 2017 response by Riverkeeper to a Third Circuit order issued in *Orion*, in which Riverkeeper briefly discussed *Berkshire* in a footnote;

- Riverkeeper's letter brief submitted to the Third Circuit in *Delaware Riverkeeper Network, v. Department of Environmental Protection (Atlantic Sunrise)*, Case No. 16-2211, on April 18, 2017, in which Riverkeeper again referenced *Berkshire* and argued that a DEP Water Quality Certification decision was not final until either the EHB administrative process has finished or a party failed to file a timely appeal with the EHB;

- Riverkeeper's July 11, 2017 principal brief in *Atlantic Sunrise*, in which Riverkeeper presented the same arguments as in its earlier submissions;

---

In *Orion*, "Riverkeeper argue[d] that [the Third Circuit] should follow *Berkshire*'s holding and read a finality requirement into [section 19(d)(1) of the NGA, 15 U.S.C. §717r(d)(1)]. . . [and] further argue[d] that PA DEP's order [approving Tennessee's Water Quality Certification application for the Orion natural gas pipeline project was] not final because Pennsylvania's administrative scheme is analogous to Massachusetts's." 870 F.3d at 176.

- Riverkeeper's April 21, 2017 principal brief in *Orion*, in which it again cited *Berkshire* and argued that the matter was not ripe for Third Circuit review until the EHB had weighed in; and

- Riverkeeper's May 18, 2017 reply brief in support of its request for a stay of proceedings regarding the Third Circuit's review of the DEP's PennEast Project decision.[8]

*See* PPC's Memorandum of Law in Opposition to Nunc Pro Tunc Petition at 5-8, Exs. A-E.

In addition, PPC argued that the amount of time that passed between publication of both *Berkshire* and *Orion* and Riverkeeper's filing of its Nunc Pro Tunc Petition showed that Riverkeeper were not reasonably diligent in seeking relief. *Id.* at 11. Finally, PPC claimed that allowing Riverkeeper to appeal to the EHB *nunc pro tunc* would unfairly prejudice both the DEP and PPC because it would further delay progress on the PennEast Project, as both entities had relied on Riverkeeper's decision to only petition the Third Circuit for review. *Id.* at 11-12. According to PPC, the parties had fully briefed the Third Circuit petition and the matter was ripe for review, but "[n]ow, Riverkeeper seeks to change the rules of the game in the ninth inning, as Riverkeeper suddenly realized that [their] failure to file an appeal here [with the EHB] could be dispositive on the issue of whether the Third Circuit exercises jurisdiction over the [Water Quality Certification approval]." *Id.* at 12. In essence, PPC asserted that prejudice would result from allowing a *nunc pro*

---

[8] Therein, Riverkeeper mentioned the EHB's ruling, in a separate matter, that DEP's approval of a pipeline-related Water Quality Certification application did not constitute a final agency action under the circumstances, argued that "[t]he parallels between the Massachusetts and Pennsylvania regulatory regimes are too similar to ignore," and reiterated its belief that the Third Circuit did not have jurisdiction to entertain a petition for review until the EHB has reviewed the DEP's approval of an application and issued its own ruling. PPC's Memorandum of Law in Opposition to Nunc Pro Tunc Petition, Ex. D.

*tunc* appeal, as it would create another regulatory hurdle to the completion of the PennEast Project. *Id.* at 11-12.

On October 6, 2017, Riverkeeper responded to PPC's filing by sending a letter to the administrative law judge assigned to the matter, arguing that PPC failed to paint a complete and accurate picture of the jurisdictional arguments Riverkeeper had made to the Third Circuit in the aforementioned cases. Riverkeeper Letter, 10/6/17, at 1. Riverkeeper attached copies of two briefs they had filed with the Third Circuit regarding their PennEast Project-related petition for review, to ensure that the EHB had a "more complete record." *See id.* at 1, Exs. A-B.

The DEP filed a response to the Nunc Pro Tunc Petition on October 18, 2017. The DEP disagreed with Riverkeeper's contention that the February 25, 2017 notice in the Pennsylvania Bulletin "directed" aggrieved parties to petition the Third Circuit for review, as the notice only said that such parties "may file" a petition. DEP's Memorandum of Law in Opposition to Nunc Pro Tunc Petition at 5-6. In addition, DEP maintained that Riverkeeper failed to show that this notice was "contrary to law[,]" noted the jurisdictional import of the *Leidy Line*, *Northeast Upgrade Project*, and *Orion* decisions, distinguished this matter from the *California University* and *Moore* decisions, and claimed that the notice was "factually accurate and consistent with the law." *Id.* at 7-8. Finally, the DEP asserted that Riverkeeper's request for relief was untimely, because Riverkeeper did not seek leave to file a *nunc pro tunc* appeal until nearly three months after they had argued to the Third Circuit that that Court could not exercise jurisdiction over their challenge to the PennEast Project until the EHB had weighed in, and more than seven months after the DEP's approval of PPC's Water Quality Certification application. *Id.* at 8-9.

11

On October 24, 2017, the EHB denied Riverkeeper's Nunc Pro Tunc Petition. The EHB noted that our case law allows for *nunc pro tunc* appeals where "a would-be appellant reasonably relies to its detriment upon incorrect information from a governmental authority regarding the need or manner to appeal[,]" and acknowledged that the language of the February 25, 2017 DEP notice "was misleading or, at best, incomplete." EHB Opinion, 10/24/17, at 3. Nonetheless, the EHB held that Riverkeeper was not entitled to *nunc pro tunc* relief. EHB Opinion, 10/24/17, at 1-4. The EHB had

> difficulty accepting the Riverkeeper's representation that [they] actually relied on the [*Pennsylvania*] *Bulletin* notice because extremely able counsel for the Riverkeeper has filed simultaneous appeals with this Board and the Third Circuit in at least one other pipeline case, *Lancaster Against Pipelines, et al. v. DEP*, EHB Docket No. 2016-075-L.

*Id.* at 3. In addition, even assuming such reliance, the EHB

> question[ed] whether that reliance was reasonable given the uncertainty in the law about the appropriate forum for an appeal of a [Section] 401 [of the Clean Water Act] certification, an uncertainty about which the Riverkeeper was fully aware given [their] filings in the Third Circuit matter. The Riverkeeper [have] actually argued for months in the Third Circuit case that jurisdiction lies with this Board, yet [they] did not until this late date take the relatively simple step of filing an EHB appeal to preserve [their] rights. The Riverkeeper could very easily have filed simultaneous appeals before the Third Circuit and this Board. There was certainly no downside to doing so, given the minimal expense and effort associated with filing an EHB appeal.

*Id.* Finally, the EHB found that Riverkeeper had "quite clearly failed to act with due diligence to preserve [their] rights" by waiting until 205 days after the DEP's application approval, and until 20 days after *Orion* was published, to file its Nunc

Pro Tunc Petition, noting that Riverkeeper failed to explain these delays or why the *Orion* decision suddenly prompted them to seek such relief. *Id.* at 4. This Petition for Review followed.

### III.

Our review of an EHB decision is limited to determining whether the EHB committed errors of law or constitutional violations and whether its decision is supported by substantial evidence. *Eureka Stone Quarry, Inc. v. Dep't of Envtl. Prot.*, 957 A.2d 337, 344 (Pa. Cmwlth. 2008).

> Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Department of Environmental Resources v. Borough of Carlisle*, 16 Pa. Cmwlth. 341, 330 A.2d 293, 298 (1974). An administrative agency has broad discretion in the performance of its administrative duties and functions and . . . an agency's exercise of its discretion [cannot be invalidated] absent proof of fraud, bad faith, or blatant abuse of [that] discretion. *Herzog v. Department of Environmental Resources*, 166 Pa. Cmwlth. 114, 645 A.2d 1381 (1994). In addition . . . the resolution of conflicts in testimony, the credibility of witnesses, and the weight given the evidence are within the province of the Board. *Pawk v. Department of Environmental Resources*, 39 Pa. Cmwlth. 457, 395 A.2d 692 (1978).

*Id.*

The EHB may permit a party to file an appeal *nunc pro tunc* "for good cause shown." 25 Pa. Code § 1021.53a. A *nunc pro tunc* appeal will be allowed only in situations where "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date [of the appeal window]; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *see also Falcon Oil Co. v. Dep't of Envtl.*

13

*Res.*, 609 A.2d 876, 878 (Pa. Cmwlth. 1992) ("A *nunc pro tunc* appeal of an administrative action will be allowed only where there is a showing of fraud, breakdown in the administrative process or unique and compelling factual circumstances establishing a non-negligent failure to file a timely appeal."). "The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss*, 781 A.2d at 1160.

**IV.**

Riverkeeper put forth a single question for our consideration:

> Whether a would-be appellant [*i.e.* Riverkeeper] that was directed by [the DEP] to challenge a DEP approval for a natural gas pipeline with the United States Court of Appeals for the Third Circuit, and which was previously enjoined by the United States District Court for the Middle District of Pennsylvania [in *Northeast Upgrade Project*] from pursuing an appeal of a DEP approval for a natural gas pipeline before the . . . [EHB], has shown good cause to file an appeal nunc pro tunc with the EHB.

Riverkeeper's Brief at 2. In its brief, Riverkeeper rehash the central argument they made to the EHB - that they should have been allowed to appeal *nunc pro tunc* because the February 25, 2017 DEP notice's misleading language, combined with the injunctive effect of *Northeast Upgrade Project*, constituted "a breakdown in the administrative process and/or unique and compelling factual circumstances establish[ing] a non-negligent failure by [Riverkeeper] to [file a timely appeal with the EHB]." *Id.* at 12.[9]

---

[9] Curiously, and despite the express language of *Northeast Upgrade Project*, Riverkeeper claim in their brief that the District Court's ruling enjoined Riverkeeper from moving forward with their EHB appeal in that matter. Riverkeeper's Brief at 8; *see Northeast Upgrade Project*, 921 F.

In addition, Riverkeeper note that the EHB properly found the February 25, 2017 DEP notice to be "misleading or incomplete," but dispute the rest of the EHB's conclusions for several reasons. *Id.* at 13-14. First, in at least one other matter involving DEP approval of a Water Quality Certification application, the parties challenging the DEP's decision had never been "the subject of an injunction issued by [a] Federal District Court" impacting their ability to have an appeal heard by the EHB. *Id.* at 14. Second,

> contrary to the EHB's contention, there certainly was a "downside" for [Riverkeeper] to file an appeal with the EHB. Given that [Riverkeeper] had already been subject to an [injunctive] order from the Federal District Court [in *Northeast Upgrade Project*], [Riverkeeper were] reasonably concerned that an appeal to the EHB could result in a claim that [their] appeal would be challenged as frivolous. In fact, opposing counsel in another natural gas pipeline matter threatened [Riverkeeper] with just such an action if [they] filed an appeal with the EHB. . . . [U]ntil the Third Circuit ruled in *Orion* that the failure to appeal to the EHB could result in prejudice, [Riverkeeper] had no basis for acting contrary to the ruling of the Federal District Court [in *Northeast Upgrade Project*].

*Id.* at 15. Third, Riverkeeper claim that they acted with reasonable diligence by filing the Nunc Pro Tunc Petition 20 days after the Third Circuit issued the *Orion* decision. Riverkeeper argues that there is no firm guidance or fixed standard regarding how much time a party has to file a Nunc Pro Tunc Petition, other than by implication through the 30-day appeal window in the EHB's regulations, and that "[r]equiring [Riverkeeper] to guess as to what shorter time frame will or will not preclude [their

Supp. 2d at 382 ("Tennessee Gas Pipeline Company LLC ('TGPC') filed an Amended Complaint . . . and Amended Motion for Emergency Preliminary Injunction . . . on January 8, 2013 seeking, *inter alia*, a declaratory judgment that the [NGA] preempted [the EHB] from reviewing permits that the [DEP] had issued to TGPC as required by the Federal Energy Regulatory Commission's ('FERC') Order dated May 29, 2012. . . . [T]he Court will grant TGPC's Motion for Preliminary Injunction.").

request for relief] would be arbitrary, capricious and a violation of their due process rights." *Id.* at 16. Finally, Riverkeeper assert that neither the DEP nor PPC would be prejudiced by allowing a *nunc pro tunc* appeal, because the EHB would likely have stayed any appeal "pending the Third Circuit Court[']s] ruling on its jurisdiction in this matter." *Id.* at 17.

Unsurprisingly, PPC opposes Riverkeeper's Petition for Review. PPC points out that *Northeast Upgrade Project* was an entirely separate matter involving a completely different pipeline project, as well as a completely separate pipeline company, and that the preliminary injunction issued in that action *enjoined the EHB*, not Riverkeeper, and thus had no injunctive effect upon either the EHB or Riverkeeper in *this* case. PPC's Brief at 14-16. In addition, PPC argues that the EHB's factual findings were supported by substantial evidence. *Id.* at 16-22. Finally, PPC again claims that both it and the DEP would be prejudiced by a *nunc pro tunc* appeal to the EHB because it would result in additional delays to the PennEast Project. *Id.* at 23-24.

The DEP's arguments on appeal are substantially similar to those advanced by PPC, with two significant additions. First, the DEP reiterates that the phrase "may file" in the February 25, 2017 DEP notice was not a directive to seek relief exclusively in the Third Circuit. DEP's Brief at 10-11. Second, the DEP discusses more fully the import of *Orion*. According to the DEP,

> Riverkeeper's characterization of the Third Circuit's ruling in *Orion* is wrong[,] in that the Riverkeeper can point to no language in the decision where the [Third Circuit] "ruled that a party could prosecute a challenge of the DEP action related to a natural gas pipeline before the EHB." [Riverkeeper's Brief at 7]. *Orion* did recognize that "finality remains unresolved in this circuit"; however, *Orion* concluded that "finality and how such a requirement would interact with Pennsylvania's administrative scheme

16

> are issues better resolved in [other] cases" [then] pending before the [Third Circuit]. *Orion*, 870 F.3d at 177-178. As recognized by the EHB . . . Riverkeeper [have] not shown how the *Orion* decision . . . justifies [Riverkeeper's] failure to file a timely appeal [with the EHB].

*Id.* at 14.

In their reply brief, Riverkeeper clarify the perceived impact of the *Northeast Upgrade Project* preliminary injunction, stating that "[o]bviously, [Riverkeeper were] not free to ignore the precedent of a federal court decision to which [they were] a party." Riverkeeper's Reply Brief at 4. Riverkeeper also opines that the fact that the EHB was enjoined in that action, rather than Riverkeeper, "is a distinction without a difference. The EHB appeal was instituted by [Riverkeeper]. [Riverkeeper were] sued as . . . defendant[s] in the federal district court. The result of the Tennessee Gas Pipeline prohibited [Riverkeeper] from pursuing [their] claims before the EHB." *Id.* Riverkeeper further expands on the preliminary injunction issue in a footnote, stating

> [the] DEP and [PPC] also erroneously argue that [Riverkeeper claim they are] presently subject to a federal court injunction. [PPC] goes so far as to claim that [Riverkeeper's] argument "makes it appear" as though the Middle District decision was an order in a proceeding involving the [PPC] Water Quality Certification. [PPC] Brief [at] 14. Neither of these arguments [is] accurate. As [Riverkeeper] clearly stated, the injunction had been issued by the federal court in a prior action - i.e. the [*Northeast Upgrade Project*] matter. The point of [Riverkeeper's] argument is not that [they are] presently subject to the injunction but that [they] reasonably relied on the ruling of the federal district court and DEP's clear instructions to file [their] appeal only in the Third Circuit Court of Appeals, until the Third Circuit issued its *Orion* decision.

*Id.* at 4 n.2.

**V.**

After careful review,[10] we conclude that the EHB did not err or abuse its discretion in denying Riverkeeper's Nunc Pro Tunc Petition. Riverkeeper were never enjoined, in this case or any other, from appealing DEP's approval of a Water Quality Certification application to the EHB. Thus, Riverkeeper's argument that they acted "with cognizance" of the *Northeast Upgrade Project* decision, Riverkeeper's Brief at 12, which imposed a subsequently dissolved preliminary injunction *against the EHB* regarding an *entirely separate* pipeline matter, is unpersuasive. In addition, the Third Circuit has not, thus far, ruled that it has *exclusive* authority to entertain such challenges or that the NGA preempts the EHB from playing a role in the review process. Therefore, Riverkeeper were not precluded from filing an EHB appeal within the standard 30-day appeal window following the DEP's approval of PPC's application.

Moreover, as the EHB noted in its opinion, Riverkeeper possess considerable knowledge and experience regarding challenges to DEP approvals of such applications, by virtue of Riverkeeper's conduct and involvement in other, similar matters, thereby diminishing the likelihood that Riverkeeper were actually misled by the allegedly incomplete information in the DEP's February 25, 2017 notice. Thus, this case is distinguishable from both *California University* and *Moore*, due to the uncontroverted evidence in those cases that the parties seeking *nunc pro tunc*

---

[10] We note that Riverkeeper has waived one of its proffered claims by failing to raise it before the EHB—namely, that it was entitled to *nunc pro tunc* relief because it was justifiably concerned that an EHB appeal would be deemed frivolous and result in the imposition of sanctions. *See* Pa. R.A.P. 1551(a); *Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.)*, 110 A.3d 1063, 1071 (Pa. Cmwlth. 2015) (citations omitted) ("Our courts permit a litigant to make new arguments on appeal in support of a preserved issue . . . but do not permit a party to advance an entirely new and different theory of relief for the first time on appeal."); *Wert v. Dep't of Transp.*, 821 A.2d 182, 186 (Pa. Cmwlth. 2003).

18

relief had received inaccurate guidance from governmental entities regarding their appellate rights and had relied on that information to their detriment. Finally, Riverkeeper never explained to the EHB *precisely why*, nearly seven months after the DEP's approval of PPC's application, *Orion* suddenly prompted it to decide that a *nunc pro tunc* administrative appeal was the correct course of action.

Therefore, we agree with the EHB that Riverkeeper had no legal justification for failing to file a timely appeal with the EHB. We conclude that the EHB did not abuse its discretion in finding that Riverkeeper had shown neither that they relied on the misleading February 25, 2017 DEP notice nor that they acted diligently to preserve their appellate rights. Consequently, because Riverkeeper failed to establish "good cause" to permit the filing of an appeal *nunc pro tunc* with the EHB, we affirm the EHB's October 24, 2017 Order.

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

19

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Delaware Riverkeeper      :
Network and Maya van Rossum,  :
The Delaware Riverkeeper,     :
          Petitioners     :
                         :
     v.                :  No. 1571 C.D. 2017
                         :
Department of Environmental   :
Protection,              :
          Respondent    :

## O R D E R

AND NOW, this 1st day of August, 2018, the Order of the Pennsylvania Environmental Hearing Board, dated October 24, 2017, is hereby AFFIRMED.

 

_____
ELLEN CEISLER, Judge