479 A.2d 8

In re ADOPTION OF J.A.S.

Appeal of R.M.S.

Superior Court of Pennsylvania.

Argued May 9, 1984.

Filed July 27, 1984.

Angela L. Martinez, Narberth, for appellant.

Alfred J. Mattei, Media, for participating party.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

PER CURIAM:

This is an appeal from the denial of a petition for permission to file an appeal nunc pro tunc from an order terminating the parental rights of appellant R.M.S., the natural mother of J.A.S. This court previously quashed appellant's untimely appeal without prejudice to appellant's right to petition the lower court for permission to appeal nunc pro tunc.

The lower court's opinion correctly states that an appeal nunc pro tunc cannot be allowed in the absence of fraud or breakdown in the processes of the court.[1] *E.g.,*

---

1. Appellant points out that in *In re H.E.W.,* 487 Pa. 637, 410 A.2d 793 (1980), our Supreme Court allowed an untimely appeal which did not involve fraud or breakdown in the processes of a court. Appellee responds that *H.E.W.* is distinguishable on its facts. We need not determine whether *H.E.W.* is distinguishable, now that the Supreme Court has re-established the absolute requirement of fraud or breakdown in the court's processes in order to obtain permission to appeal nunc pro tunc. *Dorney Park Coaster Company, Inc. v. Board of Commissioners of South Whitehall Township, supra.* This also eliminates the problems of determining the scope of *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), with its special exception for "nonnegligent" failure to file an appeal. *See, e.g., Gallardy v.*

*Dorney Park Coaster Company, Inc. v. Board of Commissioners of South Whitehall Township,* 503 Pa. 67, 468 A.2d 462 (1983). Appellant's petition for permission to appeal nunc pro tunc contained numerous specific allegations which, if proved, would have established that fraud or breakdown in the court's processes caused her failure to file a timely appeal. However, the court below did not hold a hearing in order to make the necessary findings concerning appellant's allegations.

Since we have no way to conduct a fact-finding proceeding ourselves, we shall vacate the order denying the petition, and remand for a hearing, which should be held as soon as possible. Because a number of appellant's allegations involve the operation of the prothonotary's office and conduct of its employees, a judge from outside the county should conduct the hearing.

Order vacated, and case remanded with instructions. Jurisdiction relinquished.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. More than ten months expired without any attempt to file an appeal from the termination order which appellant now seeks to have reviewed. The child which was the subject of the termination order has been finally adopted. I would affirm the order refusing to allow an appeal nunc pro tunc from the order terminating appellant's parental rights. The litigation has been concluded, and I would hold that appellant's averments are inadequate to require that the proceedings now be reopened.

I also disagree with the majority's holding that the judges of a judicial district must recuse themselves merely because an averment of misconduct in foiling appellant's right of appeal has been directed against one or more employees of the prothonotary in the same judicial district.

*Ashcraft,* 288 Pa.Super.Ct. 37, 430 A.2d 1201 (1981), *appeal dismissed as improvidently granted,* 497 Pa. 587, 442 A.2d 693 (1982).