564 A.2d 557

**Paul WEIMAN, an incompetent by John P. TRAHEY, Sr., his guardian, Appellant,**

v.

**CITY OF PHILADELPHIA, Commonwealth of Pennsylvania, Department of Transportation and SEPTA, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided Oct. 5, 1989.

Reargument Denied Dec. 14, 1989.

George F. Schoener, Jr., M. Mark Mendel, Ltd., Philadelphia, for appellant.

Barbara R. Axelrod, Norma S. Weaver, Chief Deputy, Craig L. Thorpe, Alan C. Ostrow, Chief Assts. City Sol., Philadelphia, for City of Philadelphia.

Celeste Yvonne Lamb, Tort Litigation Unit, Office of Atty. Gen., Philadelphia, for Department of Transp.

Stanley J. Sinowitz, Philadelphia, for SEPTA.

Wayne Partenheimer, Philadelphia, for Allen J. McKinney.

James B. Corrigan, Philadelphia, for Erica Corrigan.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Paul Weiman (Appellant) appeals an order of the Court of Common Pleas of Philadelphia County denying Appellant's petition to appeal nunc pro tunc the common pleas court's grant of a motion for summary judgment in favor of the City of Philadelphia (City).

The underlying substantive action involves an accident which occurred on July 4, 1984 and a suit which began in February of 1986. On April 15, 1988, the common pleas court granted the City's motion for summary judgment against Appellant by an order "filed" on April 26, 1988 but entered on the docket on May 3, 1988. The prothonotary on

that latter date also entered in the docket the words "NO-TICE UNDER RULE 236." Rule 236(a) of the Rules of Civil Procedure in pertinent part provides: "The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment ... to each party who has appeared in the action or to the party's attorney of record." Appellant alleged in his petition for appeal nunc pro tunc that neither he nor his attorney ever received notice from the prothonotary of the court order but rather, on August 16, 1988, nearly three and one-half months after the court entered the order and after the statutory appeal period expired,[1] his attorney inadvertently discovered the order had been entered.

The day following his attorney's discovery of the order Appellant petitioned the lower court to allow an appeal nunc pro tunc, alleging that he could not file a timely appeal because the lower court failed to serve him with notice of the entry of the order pursuant to Pa. R.C.P. 236(a). The lower court denied the petition on the basis that it lacked jurisdiction to entertain a petition to appeal nunc pro tunc once thirty days from the entry of an order had elapsed and that such a petition should be directed to the appellate court in which the appeal would normally be filed.

Appellant contends: (1) that the trial court did have jurisdiction to grant the petition to appeal nunc pro tunc and (2) that the appeal nunc pro tunc should have been granted because there was a breakdown in the court's operation.

█ With regard to the jurisdictional issue, we believe a trial court does have jurisdiction to determine whether an appeal nunc pro tunc should be granted. Both the trial court and our Court have jurisdiction to decide this question, and a petition to appeal nunc pro tunc may be directed to either the lower court or the appellate court. *See Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (Su-

---

1. Pa. R.A.P. 903 provides in pertinent part: "the notice of appeal ... shall be filed within thirty days after the entry of the order from which the appeal is taken." Pursuant to Pa. R.A.P. 108(b), the "date of entry" of an order in a civil matter is the day on which notation is made in the docket that notice of the order has been given.

preme Court granted an appeal nunc pro tunc of Commonwealth Court's order); *Korell v. Department of Transportation, Bureau of Driver Licensing*, 122 Pa. Commonwealth Ct. 96, 551 A.2d 398 (1988) (Commonwealth Court upheld a trial court's denial of an appeal nunc pro tunc); *Pierce v. Penman*, 357 Pa. Superior Ct. 225, 515 A.2d 948 (1986), *petition for allowance of appeal denied*, 515 Pa. 608, 529 A.2d 1082 (1987) (Superior Court upheld a trial court's grant of an appeal nunc pro tunc); *Perry v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (Commonwealth Court granted an appeal nunc pro tunc).

Nothing jurisdictional prohibits either court from entertaining an appeal nunc pro tunc. When, however, a nunc pro tunc appeal involves a factual determination, the better forum to entertain the appeal is the trial court so that an evidentiary hearing may be conducted. *See Adoption of J.A.S.*, 330 Pa. Superior Ct. 151, 479 A.2d 8 (1984) (Superior Court remanded case to the trial court for an evidentiary hearing in a nunc pro tunc appeal). In contrast, if the parties can agree on the facts, there is no reason why we would not entertain the appeal. *See Bass* (Supreme Court granted appeal nunc pro tunc where facts relating to the nunc pro tunc appeal were uncontroverted).

■ Here, there remains a factual dispute between the parties as to whether the prothonotary actually *sent* notice of the trial court adjudication to the claimant or his attorney despite the docket entry, "NOTICE UNDER RULE 236." As we have indicated, where there is a factual determination that must be made, the better court to entertain the appeal nunc pro tunc is the trial court. Since a factual determination must be made here, the trial court should accept the petition. Therefore, we hold that the trial court erred in failing to entertain the issue.

■ An appeal nunc pro tunc may be granted only where the party making the request has shown that the delay in filing the appeal was caused by extraordinary circumstances involving "fraud or some breakdown in the court's opera-

tion through a default of its officers...." *Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154, 157 (1938); *Department of Transportation, Bureau of Traffic Safety v. Rick*, 75 Pa. Commonwealth Ct. 514, 462 A.2d 902 (1983). And, the Supreme Court has determined that a breakdown in the court's operation will be found where the prothonotary fails to give notice of the decree or judgment entered to the parties. *Nixon; Pierce.*

In *Pierce*, the trial court entered an order but never sent a copy of it to counsel for the appellants. Counsel in that case, never saw the order until days after the statutory appeal period had expired. The appellants sought leave to appeal nunc pro tunc, and the trial court granted the appeal, extending the period to file the appeal ten days. On appeal, the Superior Court held that the trial court was correct in extending the appeal period, stating:

> [W]e note that the instant appeal was filed more than thirty days after the trial court's May 9, 1985 adjudication. Pennsylvania Rule of Appellate Procedure 903(a) expressly provides that a notice of appeal 'shall be filed within 30 days after the entry of the order from which the appeal is taken.' However, an extension of the statutory period of time during which an appeal may be taken may be justified where there is fraud or some breakdown in the court's operation. We find the trial court properly granted the [appellants] additional time to appeal, since failure to notify their counsel of the court's adjudication obviously represents a breakdown in the operation of the court.

*Pierce*, 357 Pa. Superior Ct. at 230, 515 A.2d at 950 (citation omitted).

In *Nixon*, the Supreme Court also allowed an appeal nunc pro tunc where the prothonotary failed to inform the appellant of an order entered against him, thus rendering the appellant unable to appeal the order in a timely manner. The trial court held that the court's failure to notify the appellant of the order was a breakdown in the court's operation, thus necessitating the grant of an appeal nunc

pro tunc. The court made it clear that the appellant's allegation that notice was never sent was not specifically denied by the appellee. The court noted, however, "it must be understood that, if it appears of record that the prothonotary's office sent a postal notice, this will satisfy all requirements of the custom and cannot be disputed." *Nixon*, 329 Pa. at 262, 198 A. at 158.

With this background, we look to the facts of the case at hand. Entered in the docket are the prothonotary's words, "NOTICE UNDER RULE 236." This entry is not conclusive as to whether the prothonotary actually *sent* notice pursuant to the rule. We stated in *City of Philadelphia v. Tasker*, 119 Pa. Commonwealth Ct. 519, 547 A.2d 1261 (1988) that:

> It is true that, under Pennsylvania law, evidence that an item of mail properly addressed, posted and deposited in the mail, if believed, gives rise to a presumption that that item was received by the addressee. *Meierdierck v. Miller*, 394 Pa. 484, 147 A.2d 406 (1959)....
>
> Furthermore, the presumption of receipt, is not a conclusive presumption; instead it is one which is rebuttable by showing that the item was not received by the addressee. *Berkowitz v. Mayflower Securities, Inc.*, 455 Pa. 531, 317 A.2d 584 (1974).

*Id.*, 119 Pa.Commonwealth Ct. at 534–35, 547 A.2d at 1267–68. Accordingly, we find it necessary to give the City an opportunity to present evidence showing that the order was properly addressed, posted and deposited in the mail and to also give Appellant an opportunity to rebut the evidence.

Having already determined that the trial court erred in failing to entertain Appellant's appeal nunc pro tunc, we reverse and remand to the trial court to conduct an evidentiary hearing to determine whether notice was actually sent[2] and whether there was a breakdown in the court's operation.

**2.** This determination to remand to the trial court is not adverse to the Supreme Court's opinion in *Bass*. In *Bass*, the court did not remand for findings of fact, but rather it made factual findings and granted an appeal nunc pro tunc where there was no factual dispute between the parties. Here, of course, a factual dispute remains and it is necessary for the trial court to make findings of fact and conclusions of law.

## ORDER

NOW, October 5, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and this case is remanded for an evidentiary hearing and determination in accordance with the foregoing opinion.

Jurisdiction relinquished.