# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| E & B Hotel Partnership, LP, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 808 C.D. 2023 |
| | : | ARGUED: May 7, 2024 |
| South Whitehall Township and | : | |
| South Whitehall Township Board | : | |
| of Commissioners | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**       **FILED:  July 1, 2024**

   E & B Hotel Partnership, LP, Appellant, appeals from the Court of Common Pleas of Lehigh County's denial of a motion to appeal *nunc pro tunc*.[1]  We affirm.

---

[1] Appellant seeks to appeal *nunc pro tunc* from the trial court's March 22, 2023 order to *this Court* via the motion it filed with the *trial court.*  In these situations, "[b]oth the trial court and our Court have jurisdiction to decide" whether a *nunc pro tunc* appeal is permitted, and "a petition to appeal *nunc pro tunc* may be directed to either the lower court or the appellate court."  *Weiman by Trahey v. City of Phila.,* 564 A.2d 557, 559 (Pa. Cmwlth.1989); *see also*, G. Ronald Darlington et al., 20 West's Pa. Appellate Practice § 903:3 (2023-24) (stating "[b]oth the trial courts and the appellate courts have jurisdiction to determine whether an appeal *nunc pro tunc* should be permitted").  If a petition to appeal *nunc pro tunc* involves a contested factual issue, the better forum to entertain the petition is the trial court so that an evidentiary hearing may be conducted. *Weiman by Trahey*, 564 A.2d at 559.

In the underlying litigation, which is not before us, Appellant filed a conditional use application with South Whitehall Township for a mixed retail/residential use. Following hearings, the Township denied Appellant's application. Appellant appealed the denial to the trial court. By opinion and order dated March 22, 2023, notice of which was distributed by e-mail to counsel for the parties, the trial court denied the appeal and affirmed the decision of the South Whitehall Township Board of Commissioners.

Appellant did not appeal the trial court's decision within the 30-day appeal period.[2] On May 17, 2023, 56 days after the date of the March order and opinion, Appellant filed a motion for leave to file an appeal *nunc pro tunc*, along with a blank template for a rule to show cause and several exhibits. Appellant averred in the motion, and its counsel attested in an attached affidavit, that he was unaware that the trial court had entered a final order in the underlying matter until he was notified by a third party. Upon searching his e-mail inbox, the counsel found an e-mail sent on March 22, 2023, with the following heading:

| | |
|---|---|
| From: | Civil Service <CivilService@lehighcounty.org> |
| Sent: | Wednesday, March 22, 2023 12:38 PM |
| To: | [Appellees' counsel's e-mail address]; [Appellant's counsel's e-mail address] |
| Subject: | 2021-C-3137 Orders jmw |
| Attachments: | 3137 2.pdf, 3137.pdf |

---

[2] *See* Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 903(a) (time for appeal).

[Motion at Ex. A, Reproduced R. "R.R." at 21a (e-mail appended to this opinion as App. 1).] The e-mail subject, "2021-C-3137 Orders jmw,[3]" contains the docket number of this case before the trial court. (R.R. at 21a.) Listed as attachments are two files in Postscript Document Format (PDF): "3137.pdf" and "3137 2.pdf" (*id.*); constituting the trial court's decision. The e-mail contains no text in its body other than a confidentiality notice.

The motion goes on to aver that Appellant's counsel receives about 50 e-mails per day, including on March 22, 2023; that all prior correspondence from the trial court had been by mail (presumably via the United States Postal Service); and that he did not know that the e-mail was official service of the trial court's final order. The motion averred that there was a breakdown in court administration relative to the service of the March 22, 2023 court filings.

On May 19, 2023, the trial court entered a scheduling order for argument on June 20, 2023. Argument was held as scheduled, and no testimony was presented. During the argument, Appellant's counsel stated as follows:

> I never received a copy of the decision that I'm aware of. I have to be—in total candor. ***We did go back through the e-mails, and we were able to find an e-mail that we've attached to the pleadings, which is marked as Exhibit A, which is sort of nondescript e-mail with no message in it. That apparently was—had attachments that contained this Court's decision.*** We never picked up on that.

(Notes of Testimony at 3, R.R. at 48a.) By order dated June 22, 2023, the trial court denied Appellant's *nunc pro tunc* motion. The instant appeal ensued. The trial court directed the submission of a concise statement of errors complained of on appeal and

---

[3] The trial court took apparent notice that "jmw" were the initials of an employee of the Clerk of Judicial Records. [*See* Pa. R.A.P. 1925a Statement, R.R. at 72a, n.5 (the trial court's Pa.R.A.P. 1925(a) statement is not paginated).]

3

issued a statement pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), explaining its decision.

On appeal, Appellant raises a single issue: whether the trial court abused its discretion in denying Appellant's motion for leave to appeal the March 23, 2023 order *nunc pro tunc*.[4]

Appellant argues that *nunc pro tunc* relief was justified by a breakdown of the trial court's operation and, alternatively, that the failure to file a timely appeal was due to non-negligent circumstances.

Our Supreme Court has explained as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the "principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances."

*Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 746 A.2d 581, 584 (Pa. 2000) [quoting *Com. v. Stock*, 679 A.2d 760, 764 (Pa. 1996)].

---

[4] Appellant raised as a separate issue in its concise statement that the trial court did not schedule an evidentiary hearing on the motion. The trial court disposed of this argument by noting that it had scheduled argument based upon its discretion under local rules (Trial Ct. Rule 1925(a) Op., R.R. 67a-68a), and that Appellant did not object to the scheduling of the matter for argument either before the date of the hearing or during, rather presenting his argument and offering his personal involvement in the issue at hand (R.R. 71a). Moreover, counsel for Appellant described the circumstances giving rise to his motion for *nunc pro tunc* relief at the oral argument, and his version of the facts was not contested. Indeed, our analysis here is based on those representations, so it is of no moment that they were not presented as sworn testimony.

At all events, that issue has been abandoned because it is not presented in the statement of questions involved or in the body of Appellant's brief. *See Com. v. Feineigle,* 690 A.2d 748, 751 n. 5 (Pa. Cmwlth.1997) ("[w]hen issues are not properly raised and developed in briefs, . . . a court will not consider the merits thereof").

An appeal *nunc pro tunc* may be granted (1) in circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations, or (2) where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).

Generally, "[a]n appeal *nunc pro tunc* may be granted only where the party making the request has shown that the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." *Weiman by Trahey v. City of Phila.*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989) (internal citations omitted). The burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021).

The rule for notice of the entry of an order by a trial court is Rule 236 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 236 (relating to entry of order or judgment). That rule provides in relevant part as follows:

> (a) The prothonotary shall immediately give written notice of the entry of
>
> . . . .
>
> (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.
>
> . . . .
>
> (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

. . . .

> (d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission *or other electronic means if the party to whom the notice is to be given or the party's attorney* has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Pa.R.Civ.P. 236(a)(2), (b), (d) (emphasis supplied). The official note to Rule 236 states that generally,

> *Rule 236 does not prescribe a particular method of giving notice*. Methods of notice properly used by the prothonotary include, but are not limited to, service via United States mail and courthouse mail. *Subdivision (d) governs facsimile transmission and other electronic means if the prothonotary chooses to use such a method.*

Official Note to Pa.R.Civ.P. 236 (emphasis supplied). The trial court noted that it had adopted electronic filing in March 2018 by local rule and had defaulted to an "efile and serve" system in October 2022, requiring attorneys to keep their e-mail addresses up to date with the clerk of judicial records for the purpose of e-service.[5]

---

[5] The trial court explained:

> By way of historical reference, Lehigh County adopted electronic filing in 2018. In accordance with Pa.R.Civ.P. 239.9, the Lehigh County Court of Common Pleas mandated the electronic filing of legal papers in civil cases and the electronic service of such papers effective March 19, 2018, Lehigh R.C.P. 205.4. Thereafter, effective October 1, 2022, by way of publication in the Lehigh Law Journal as well as constant posting on the Lehigh County website the following Notice was disseminated to the public:

**(Footnote continued on next page…)**

Here, Appellant specifically "does not dispute that service can be made by electronic mail; however, Appellant believes that proper service requires more than a nondescript, empty [e-mail]." (Appellant's Br. at 9.) Appellant goes on to unfavorably compare the March 22, 2023 e-mail to one distributed by this Court. However, by the plain language of Rule 236, and as elaborated further by the official note ("Rule 236 does not prescribe a particular method of giving notice"), we are constrained to find that there was not fraud or some breakdown in the trial court's operation through a default of its officers.

---

NOTICE
FROM THE COURT OF COMMON PLEAS OF LEHIGH
COUNTY, PENNSYLVANIA
NEW PROCEDURE FOR E-FILING IN CIVIL/FAMILY CASES

When e-filing any document other than original process in Civil or Family cases, the following procedures shall be followed commencing October 1, 2022:

When attorneys or pro se parties e-file a document, the Odyssey system will default to "e-file and serve" rather than to "e-file." This will constitute good service under the Pennsylvania Rules of Civil Procedure and the Lehigh County Rules of Procedure.

Attorneys and parties must keep their [e-mail] addresses up to date with the Clerk of Judicial Records ("COJR") and will be e-served at that [e-mail] address. If their [e-mail] address changes, they must file a Change [o]f Address form with COJR. The [e-mail] address on record with COJR are that attorney or party's record address for service purposes. Neither a Judge, nor Court Administration, nor Family Court Administration can change the record address of an attorney or party. In addition to the above, attorneys and parties must keep their regular mailing addresses up to date with COJR as their record mailing addresses.

(Trial Ct. Rule 1925(a) Op., R.R. at 70a-71a.)

Appellant alternatively argues that non-negligent circumstances justify an appeal *nunc pro tunc*. In *Bass v. Commonwealth Bureau of Corrections*, 401 A.2d 1133 (Pa. 1979), our Supreme Court extended *nunc pro tunc* relief to situations

> where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id.* at 1135. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *See id.* at 1135–36 (allowing appellant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); *see also Cook v. Unemployment Comp. Bd. of [Rev.], . . .* 671 A.2d 1130, 1132 ([Pa.] 1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

*Criss*, 781 A.2d at 1159.

Here, Appellant acknowledges that the e-mail in question was delivered. Our review finds no evidence of record that the e-mail in question was not opened because it was somehow suspicious in a way that would justify a lawyer or his agent not opening it and the documentary attachments thereto (there is no indicia that the e-mail was a vehicle for fraud of some sort). Rather, it is an e-mail sent from an official Lehigh County e-mail address, containing a subject line referencing the docket number of a case being litigated by the recipient,

8

accompanied by two PDF files with further reference to the docket number.  The e-mail was sent to and *received at* an attorney's law firm e-mail address *designated for service* by Lehigh County under local rule.  While the Lehigh County prothonotary could have made the nature of its e-mail more obvious upon a casual glance at its heading, given a lawyer's obligation to act with reasonable diligence and promptness in representing a client, *see* Pennsylvania Rule of Professional Conduct 1.3, Pa. R.P.C. 1.3, we cannot say that the circumstances described constitute non-negligent conduct justifying *nunc pro tunc* relief.

In light of the foregoing, we affirm.


_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

E & B Hotel Partnership, LP,      :
                    Appellant   :
      :
      :
          v.           :   No. 808 C.D. 2023
      :
South Whitehall Township and   :
South Whitehall Township Board  :
of Commissioners          :

## **O R D E R**

AND NOW, this 1st day of July, 2024, the order of the Court of Common Pleas of Lehigh County is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**James Preston**

| | |
|---|---|
| **From:** | Civil Service <CivilService@lehighcounty.org> |
| **Sent:** | Wednesday, March 22, 2023 12:38 PM |
| **To:** | jalderfer@zatorlaw.com; James Preston |
| **Subject:** | 2021-C-3137 Orders jmw |
| **Attachments:** | 3137 2.pdf; 3137.pdf |

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.