IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Triple Crown Corporation, Inc.,        :
                   Appellant        :
                                        :
         v.        :   No. 504 C.D. 2023
                                          :   Argued: September 9, 2024
Lower Allen Township        :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE ANNE E. COVEY, Judge

OPINION
BY JUDGE McCULLOUGH                             FILED: November 20, 2024

         Triple Crown Corporation, Inc. (Triple Crown) appeals from the judgment entered on May 10, 2023, after non-jury trial in the Court of Common Pleas of Cumberland County (trial court). The trial court found in favor of Lower Allen Township (Township) on Triple Crown's claims challenging the reasonableness and constitutionality of certain permit fees assessed by the Township during Triple Crown's construction of two apartment complexes from 2014 through 2016.

         This matter now returns to this Court after remand to the trial court for a determination of whether Triple Crown was entitled to file post-trial motions *nunc pro tunc.* By memorandum and order entered October 6, 2023, the trial court granted *nunc pro tunc* relief, denied Triple Crown's post-trial motions, and returned the record to this Court for disposition of Triple Crown's appeal. Upon review, we conclude that the trial court abused its discretion in granting *nunc pro tunc* relief and therefore reverse its October 6, 2023 order to the extent that it did so. Because Triple Crown has accordingly waived review of any issues in this Court, we affirm the judgment.

# I. FACTS AND PROCEDURAL HISTORY

The instant litigation relates to two Triple Crown development projects in the Township, Brooks Edge and Stone Gate Village (Projects). Brooks Edge contains 150 apartment units, and Stone Gate Village contains 90 apartment units. During the period between 2014 and 2016, the Township issued a total of 16 construction permits related to the Projects, for which it collected from Triple Crown a total of $340,933 in permit fees (Fees).

The Fees were assessed in accordance with a fee schedule set by the Township on a yearly basis that is based, in part, on the Building Valuation Data Table (BVDT) issued by the International Code Council (ICC). The ICC updates the BVDT every six months based on the most recent available data, and the Township utilizes the BVDT in effect at the time of the filing of a permit application to calculate permit fees. For new construction projects, the permit fees are calculated pursuant to the following formula: gross new construction floor area (square feet) x average construction cost per square foot (from the BVDT) x 0.01. Permit fees are calculated and assessed by the Township's Community and Economic Development Department (Department).

Believing that the Fees were unreasonable, unconstitutional, or both, Triple Crown requested a refund from the Department, which was denied. Thereafter, on August 1, 2017, Triple Crown filed a complaint against the Township in the trial court, in which it requested declarations that the Fees were unreasonable, disproportionate to the Township's actual cost to issue and administer permits, and

an unconstitutional delegation of legislative authority.[1] Triple Crown also sought a refund from the Township.

On March 11, 2019, Triple Crown filed a motion for partial summary judgment, in which it requested that the trial court declare the Fees to be an unconstitutional delegation of legislative authority as a matter of law and direct the issuance of a refund. The Township opposed the motion, arguing that the Fees were not unconstitutional and, even if they were, such a ruling would have prospective application only. On July 22, 2019, after argument, the trial court denied the motion, concluding that Triple Crown had not carried its burden to establish a clear, plain, and palpable constitutional violation. Triple Crown appealed to this Court, which, on the Township's motion, quashed because we concluded that the trial court's order denying partial summary judgment was not final. *See Triple Crown Corporation, Inc. v. Lower Allen Township* (Pa. Cmwlth., No. 1169 C.D. 2019, filed November 20, 2019).[2]

Both parties thereafter filed motions for summary judgment, which the trial court denied. Prior to trial, Triple Crown filed a motion in limine to preclude

---

[1] Triple Crown sought relief pursuant to both the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541, and Sections 1 and 2 of the Pennsylvania Local Tax Collection Law, Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. §§ 5566b, 5566c.

[2] On August 5, 2019, Triple Crown filed a motion requesting that the trial court amend its July 22, 2019 order and certify it as appealable pursuant to 42 Pa.C.S. § 702(b). The trial court denied the motion, and Triple Crown filed a petition for review in this Court. *See* Pa.R.A.P. 1311, comment (under the previous version of Rule 1311, the refusal to certify an order as final was reviewed by the filing of a petition for review; Rule 1311 was amended in 2020 to provide that such refusals now are reviewed by the filing of a petition for permission to appeal). We denied the petition for review, concluding that "the refusal of the trial court to certify the interlocutory order for immediate appeal [was] not so egregious as to justify prerogative appellate correction of the exercise of discretion[.]" *See Triple Crown Corporation v. Lower Allen Township* (Pa. Cmwlth., No. 1382 C.D. 2019, filed October 31, 2019).

the Township's expert, Richard Grove, from testifying because, according to Triple Crown, Grove's testimony was irrelevant, misleading, and unduly prejudicial. The Township in response filed a motion in limine seeking to exclude the testimony of Triple Crown's expert, Scott Koman, on the grounds that Koman's opinions were based on unwarranted assumptions and inaccurate information. The trial court denied both motions.

The trial court conducted a non-jury trial from March 7, 2022, through March 9, 2022, and the parties filed post-trial memoranda of law on April 29, 2022. Approximately one year later, on April 26, 2023, the trial court issued its decision, finding "in favor of [the Township] and against [Triple Crown]" (Decision). (Decision, 4/26/23.) The trial court issued an accompanying opinion with the Decision, which it titled "IN RE: PA R.A.P. 1925 OPINION." (Opinion, 4/26/2023, at 1.) The trial court therein concluded that the Fees were not unreasonable or disproportionate. *Id.* at 6.

Triple Crown did not file post-trial motions pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 227.1, but, rather, on May 10, 2023, praeciped for the entry of judgment on the verdict, which was entered the same day. Triple Crown then appealed to this Court on May 17, 2023. The trial court filed a "STATEMENT PURSUANT TO PA.R.A.P. 1925" on May 25, 2023, in which it relied on its prior opinions filed on July 22, 2019, and April 26, 2023.

The Township filed a Motion to Quash Appeal in this Court on June 29, 2023, arguing that all of Triple Crown's issues on appeal were waived due to its failure to file post-trial motions in the trial court. In response, Triple Crown filed an "Answer to Motion to Quash Appeal and Motion for Leave to File Post-Trial Motion Nunc Pro Tunc." (Reproduced Record (R.R.) at 2270a.) Therein, Triple Crown

4

admitted that post-trial motions were mandatory and it failed to timely file them. It nevertheless surmised that the trial court may have entered its Decision as a Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a) opinion "thinking (incorrectly) that the bar of post-trial motions in Pa.R.C[iv].P. 227.1(g) applied[.]"[3] *Id.* at 2272a. Triple Crown alleged that its receipt of the trial court's mistitled Decision over one year after the conclusion of trial led it to believe that it was foreclosed from filing post-trial motions and that all of the prerequisites to filing an immediate appeal were deemed to have occurred. *Id.* at 2272a-73a. Triple Crown therefore requested that this Court remand the matter to the trial court so it could file post-trial motions *nunc pro tunc*.

By memorandum and order entered July 25, 2023, we (1) held the Township's motion to quash in abeyance; (2) remanded the matter to the trial court for Triple Crown to file a motion for leave to file post-trial motions *nunc pro tunc*; (3) directed the trial court on remand to determine "whether there was a breakdown in the court process and/or non-negligent circumstances that would justify allowing [Triple Crown] to file a post-trial motion from the April 26, 2023 [Decision] *nunc pro tunc*; (4) permitted evidentiary hearings on remand, if necessary; (5) directed the trial court to remit to this Court any supplemental record and/or opinion with its decision as to "whether [Triple Crown] demonstrated the existence of extraordinary circumstances warranting *nunc pro tunc* relief;" (6) stayed the briefing schedule; and (7) retained jurisdiction. (Memorandum and Order, 7/25/2023.)

---

[3] Pa.R.Civ.P. 227.1(g) provides that "[a] motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the court of common pleas." Although the Township assessed the Fees and denied Triple Crown a refund, the action in the trial court was not an appeal from any final adjudication of the Township or any other local agency. Rather, Triple Crown filed a civil action seeking declaratory and injunctive relief.

On remand, Triple Crown filed a "Motion for Post-Trial Relief (Judgment Notwithstanding the Verdict [(JNOV)] or, in the Alternative, for New Trial) Nunc Pro Tunc." (R.R. at 2264a.) Therein Triple Crown requested judgment notwithstanding the verdict or, in the alternative, a new trial, but did not request leave to file the motion *nunc pro tunc* or assert any grounds to support such relief. *Id.* Instead, Triple Crown attached to its motion its answer and motion for *nunc pro tunc* relief filed in this Court.

The trial court heard on-the-record oral argument,[4] but received no evidence. The trial court ultimately determined that *nunc pro tunc* relief was warranted and, accordingly, considered and denied Triple Crown's post-trial motion in its entirety. After the return of the supplemental record to this Court, we dismissed the Township's motion to quash as moot, but permitted the parties to address the propriety of *nunc pro tunc* relief in their appellate briefs or by appropriate motion. (Order, 1/10/24.)

## II.   ISSUES ON APPEAL

Triple Crown argues on appeal that the trial court erred and abused its discretion in (1) finding the Fees to be proportionate and reasonable; and (2) concluding that the Township's method of calculating the Fees is not a palpably unconstitutional delegation of legislative authority. The Township raises two additional issues, namely, (3) whether the trial court abused its discretion in granting Triple Crown *nunc pro tunc* relief; and (4) whether Triple Crown has waived its right to request JNOV or a new trial.

---

[4]   Triple Crown's counsel indicated at oral argument that they thought the trial court designated its Decision as a Rule 1925(a) opinion to "make up for lost time." (Notes of Testimony (N.T.), 9/20/23, at 4; R.R. at 2331a.)

6

### III.  DISCUSSION[5]

#### *Nunc Pro Tunc Relief*

Because we find it to be dispositive, we address first the Township's argument that the trial court abused its discretion in considering Triple Crown's post-trial motions *nunc pro tunc*.

#### A. Applicable Law

Pennsylvania Rule of Civil Procedure 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal.  If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55, 55 (Pa. 1998). "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." *Burrell Education Association v. Burrell School District*, 674 A.2d 348, 350 (Pa. Cmwlth. 1996). "The purpose [of] Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002).  Any issue raised in a motion for post-trial relief therefore must be briefed and argued to the trial court. *Browne v. Department of Transportation*, 843 A.2d 429 (Pa. Cmwlth. 2004).

The post-trial motion requirements set forth in Rule 227.1 are mandatory in both law and equity matters. *Chalkey*, 805 A.2d at 497.  Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of

---

[5] Our review of a trial court's denial of post-trial motions is limited to determining whether the trial court abused its discretion or erred as a matter of law. *Hunter v. City of Philadelphia*, 80 A.3d 533, 536 n.7 (Pa. Cmwlth. 2013).  We review an order granting *nunc pro tunc* relief for an abuse of discretion, which occurs when a trial court overrides or misapplies the law. *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000); *Rutkowski v. Department of Transportation, Bureau of Driver Licensing*, 987 A.2d 841, 846 (Pa. Cmwlth. 2009).

action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions or they are denied by operation of law. *Id.* at 496; Pa.R.Civ.P. 227.4(b). *See also Coal Tubin' PA, LLC v. Cambria County Transit Authority*, 162 A.3d 549, 553 (Pa. Cmwlth. 2017); *P.S. Hysong v. Lewicki*, 931 A.2d 63, 66 (Pa. Cmwlth. 2007); *Liparota v. State Workmen's Insurance Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999).

*Nunc pro tunc* relief may be granted only (1) in circumstances in which a party failed to make a timely filing as a result of a fraud or a breakdown in the court's operations, or (2) where a party, a party's counsel, or an agent of the party has failed to comply with a filing deadline due to non-negligent circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *Weiman by Trahey v. City of Philadelphia*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989). Generally, *nunc pro tunc* relief may be afforded only where "extraordinary" circumstances exist to warrant it, and the burden of establishing the existence of such circumstances is on the party seeking *nunc pro tunc* relief. *Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021); *Weiman*, 564 A.2d at 559.

Although we have been unable to find any cases in this Court addressing the specific situation where a party's counsel alleges that a trial court's filing misled counsel to believe that post-trial motions were unnecessary or foreclosed, several cases from our Superior Court are informative. *See Commonwealth v. Monsanto Company,* 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021) (although Superior Court cases are not binding on this Court, they are persuasive precedent where they address analogous issues).

8

First, in *Lane Enterprises, Inc. v. L.B. Foster Company*, 700 A.2d 465 (Pa. Super. 1997), *rev'd*, 710 A.2d 55 (Pa. 1998), the Superior Court concluded that an appellant had *not* waived its issues on appeal despite its failure to file post-trial motions in the trial court. In *Lane*, the trial court, after a non-jury trial, issued an opinion finding in favor of the appellee, Lane. *Id.* at 469-70. Because the trial court did not issue findings of fact and conclusions of law, the appellant, L.B. Foster, assumed that the trial court's order was final and praeciped for entry of judgment. *Id.* at 470. Thereafter, in L.B. Foster's appeal, the Superior Court concluded that L.B. Foster had not waived its issues despite failing to file post-trial motions because "the trial court led both parties to believe that its order was final[,]" and to quash the appeal "would result in a blind application of the waiver doctrine." *Id.* Given the trial court's "*de facto*" final order and in the interests of judicial economy, the Superior Court considered the merits of L.B. Foster's issues. *Id.* The Supreme Court reversed in a terse *per curiam* opinion, implicitly rejecting the Superior Court's rationale and noting simply that failure to comply with Rule 227.1's requirements results in waiver of all issues on appeal. 710 A.2d at 55.

In *Lenhart v. Cigna Companies*, 824 A.2d 1193 (Pa. Super. 2003), the trial court, after a non-jury trial, entered a verdict in favor of the appellee, Lenhart, and against the appellant, Life Insurance Company of North America (Life Insurance Company). *Id.* at 1194. The trial court also issued a memorandum with its verdict that purported to enter "judgment" in favor of Lenhart and against Life Insurance Company. *Id.* Life Insurance Company did not file post-trial motions, and Lenhart thereafter praeciped for entry of judgment. Life Insurance Company appealed, and on Lenhart's motion, the Superior Court quashed. *Id.* Life Insurance Company then filed in the trial court a motion for leave to file a post-trial motion *nunc pro tunc*,

9

which the trial court denied. *Id.* at 1194-95. Life Insurance Company again appealed, arguing that the trial court created confusion by granting "judgment" with its verdict, which led Life Insurance Company to believe that it had to file an immediate direct appeal. *Id.* at 1195. The Superior Court disagreed. Citing the Supreme Court's decision in *Lane*, it concluded that the trial court had not abused its discretion in denying *nunc pro tunc* relief:

> Life Insurance Company was on notice, at the time of the decision of the trial court after the non-jury trial, that regardless of what terms were used by the trial court in its decision, it was required to file post-trial motions in order to preserve any issues for appellate review. . . .
>
> [T]here is no excuse for Life Insurance Company's failure to file post-trial motions as required by our procedural rules. The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights.

*Id.* at 1197-98.

More recently, in *D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.*, 71 A.3d 915 (Pa. Super. 2013), the trial court, after non-jury trial, entered an order awarding "judgment" in favor of the appellee and against the appellant. The trial court advised the appellant's representatives after trial that their attorney could advise them of their legal rights, which included filing post-trial motions and any appeal within 30 days. *Id.* at 916. Instead of filing post-trial motions, the appellant filed a direct appeal, which the Superior Court dismissed without prejudice to the appellant to seek *nunc pro tunc* relief in the trial court. *Id.* at 917-18. The appellant sought such relief in the trial court, arguing that the trial court's order led appellant's counsel to conclude that, instead of filing post-trial motions, he was required to file an immediate appeal to preserve the appellant's issues. *Id.* at 918. The trial court denied relief.

10

The Superior Court affirmed, relying heavily on its prior decision in *Lenhart*. The court rejected the appellant's argument that the trial court's order "confused" its counsel into believing that the trial court's order required the filing of an immediate appeal without post-trial motions. *Id.* at 922. The court further noted that the appellant waited four months to request leave to file post-trial motions *nunc pro tunc*, suggesting that the appellant failed to exercise due diligence in any event. *Id.*

## B. Analysis

In awarding Triple Crown *nunc pro tunc* relief, the trial court reasoned as follows:

> Unfortunately, we have not encountered any appellate rulings dealing with a situation quite like the one before us today. After a delay of almost a year, and following an inquiry by [Triple Crown], we issued an opinion titled "In re: Pa.R.A.P. 1925 Opinion." At several points during the litigation, in discussions with counsel and in our written decisions, we have made it clear that the issues involved in this case are of public significance, the import of which extend far beyond the geographical boundaries of our judicial district. In short, we have expressed the view that, inevitably, this case would be reviewed by the Commonwealth Court. Triple Crown maintains that these circumstances and, particularly, the styling of our opinion as one written pursuant to Pa.R.A.P. 1925, led [it] to file an appeal rather than post[-]trial motions. We are compelled to the conclusion that these highly unusual circumstances are extraordinary for the purpose of considering [Triple Crown's] *nunc pro tunc* request. We are also hard[-]pressed to conclude that the actions of counsel were negligent. Admittedly, we reach these conclusions because the styling of our opinion contributed to counsel's confusion in a manner which we, as a matter of conscience, deem to be significant. That these circumstances should now combine to deny Triple Crown

11

> the right to have this matter considered on appeal[] would, in our view, be unjust. Accordingly, we will consider the post-trial motions of [Triple Crown] *nunc pro tunc.*

(Trial Court Op., 10/6/23, at 4-5). We are constrained to disagree.

Triple Crown does not argue that it was not required to file post-trial motions or that it was *prevented* from timely doing so by any actions of the trial court or the Township. Rather, Triple Crown argues that it *elected* to not file post-trial motions because it interpreted the *title* of the trial court's Decision to mean that the trial court had dispensed with the requirements of Rule 227.1 and foreclosed the filing of post-trial motions. Accordingly, Triple Crown contends that it sought entry of judgment and filed an immediate appeal to preserve its appellate rights. Triple Crown devotes a total of three pages of its reply brief and none of its principal brief to the issue of *nunc pro tunc* relief and does not in that space discuss or mention any cases directly supporting its position. Rather, it argues that there are no cases that "that touch on the very specific factual situation in this case," namely, that (1) the trial court's adjudication was issued approximately one year after trial, (2) the trial court's opinion was titled as a Rule 1925(a) opinion, (3) the issues are of public significance, and (4) the trial court expected there to be an appeal. (Triple Crown Reply Br., at 2.) Triple Crown further relies on the liberality of Pa.R.Civ.P. 126(a) and argues that consideration of the merits of its appeal will benefit taxpayers as a whole and further "good government." *Id.* at 2-3.

We find the Supreme Court's decision in *Lane* and the Superior Court's decisions in *Lenhart* and *D.L. Forrey* to be on point and their reasoning persuasive. As in all three of those cases, the facts in this case, although perhaps atypical, are not "extraordinary" and do not evidence fraud, a breakdown in the judicial process, or other non-negligent circumstances justifying *nunc pro tunc* relief. First, although

12

the trial court's Decision was mistakenly titled as a Rule 1925(a) opinion,[6] the trial court also issued an accompanying order finding in favor of the Township and against Triple Crown on Triple Crown's claims. The Decision therefore clearly was intended to be a final disposition that, pursuant to Rule 227.1, would prompt the filing of post-trial motions and not a direct appeal.

Second, we are not aware of any applicable law, and Triple Crown has not identified any, that would permit a trial court, as a time-saving measure, to *sua sponte* dispense with the requirements of Rule 227.1, foreclose the filing of post-trial motions, and force a party to praecipe for judgment and file an immediate appeal. *See Lenhart*, 824 A.2d at 1197 (regardless of the language in the trial court's decision, post-trial motions still required by law). Indeed, Triple Crown clearly knew that the trial court's Decision was not a final, immediately appealable order because Triple Crown shortly thereafter praeciped for judgment *so that* it could appeal. Triple Crown's claim to have been confused and misled by the title of the trial court's Decision therefore is unreasonable and legally untenable, and the form and timing of the trial court's Decision is not, as a matter of law, an "extraordinary" breakdown of the judicial process or a non-negligent circumstance that entitles it to *nunc pro tunc* relief. Triple Crown simply failed to follow procedural rules and elected to file a direct appeal without filing post-trial motions, which results in waiver of its issues. *Lenhart*, 824 A.2d at 1197-98; *see also Lawrence County v. Pennsylvania Labor Relations Board*, 469 A.2d 1145, 1149 (Pa. Cmwlth. 1983) ("[M]ere neglect or administrative oversight of counsel" cannot justify *nunc pro tunc* relief); *Downington Area School District v. Chester County Board of Assessment*

---

[6] Contrary to Triple Crown's assumption, the trial court indicated at oral argument that the title of the Decision was the product of "oversight" and a "typographical error." (N.T., 9/20/23; R.R. at 2330a.)

13

*Appeals* (Pa. Cmwlth., Nos. 1461 & 1462 C.D. 2016, filed July 7, 2017) (no breakdown in the court's operations occurred and party was not misled by any negligent or improper conduct of the trial court; party's counsel simply made an incorrect legal assumption that post-trial motions were necessary and filed an untimely appeal, which did not support *nunc pro tunc* relief); *Spada v. Farabaugh* (Pa. Cmwlth., No. 1048 C.D. 2015, filed November 3, 2015) (citing *Lenhart*, 824 A.2d at 1197-98) (*pro se* party's failure to understand rules governing preservation of appellate rights were not "extraordinary circumstances" justifying *nunc pro tunc* relief because "the grant of *nunc pro tunc* relief is not designed to provide relief to parties who have not followed proper procedure in preserving their appellate rights") (bracketing and ellipses removed).

Moreover, the fact that this appeal may involve issues with broader application in the Commonwealth cannot, in itself, justify an award of *nunc pro tunc* relief. For *nunc pro tunc* relief to be proper, the procedural circumstances, and not the substantive legal issues involved, must be "extraordinary." *See Bethke v. City of Philadelphia*, 282 A.3d 884, 890 (Pa. Cmwlth. 2022) ("[N]*unc pro tunc* relief is, by definition, extraordinary and not 'typical,'" and "it is the *procedural* circumstances, not the merits or perceived importance of the case, that must be extraordinary to warrant relief.") (emphasis in original). Whatever the broader reach that the issues involved in this case may have, they must, and should, wait to be decided in an appeal that is properly before this Court.[7]

---

[7] We also note that Triple Crown did not seek to file post-trial motions until prompted by the Township's motion to quash in this Court, which was filed more than two months after the Trial Court filed its Decision and then lost jurisdiction to consider Triple Crown's issues in the first instance. *See D.L. Forrey*, 71 A.3d at 922.

## IV.    CONCLUSION

We are constrained to conclude that Triple Crown did not establish that the trial court's typographical error and delay in filing its Decision constitute fraud, breakdown in the judicial process, or other non-negligent, "extraordinary" circumstances justifying *nunc pro tunc* relief.  The trial court abused its discretion in concluding to the contrary.  Because post-trial motions were mandatory and not filed, all of Triple Crown's issues on appeal are waived.  We accordingly affirm the judgment entered May 10, 2023.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Triple Crown Corporation, Inc.,     :
         Appellant     :
                                :
        v.              :    No. 504 C.D. 2023
                                  :
Lower Allen Township         :

## *ORDER*

AND NOW, this 20th day of November, 2024, for the reasons set forth in the foregoing Opinion, the October 6, 2023 order of the Court of Common Pleas of Cumberland County (trial court) is REVERSED to the extent that it permitted Triple Crown Corporation, Inc. (Triple Crown) to file post-trial motions *nunc pro tunc*. Triple Crown accordingly having failed to preserve any issues for review in this Court, it further is ordered that the May 10, 2023 judgment entered in the trial court is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Triple Crown Corporation, Inc.,      :
                 Appellant      :
                                 :
            v.             :    No. 504 C.D. 2023
                                 :    Argued: September 9, 2024
Lower Allen Township           :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge

DISSENTING OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: **November 20, 2024**

Upon review of this matter, I respectfully disagree with the Majority's conclusion that the Court of Common Pleas of Cumberland County (trial court) abused its discretion in granting *nunc pro tunc* relief to Triple Crown Corporation, Inc. (Triple Crown). A court may grant a party *nunc pro tunc* relief in two extraordinary circumstances: (1) where the party failed to make a timely filing because of fraud or a breakdown in the court's operation; and (2) where the party, the party's counsel, or an agent of the party's counsel failed to comply with a filing deadline because of non-negligent circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *Weiman by Trahey v. City of Philadelphia*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989). Generally, the trial court is the better forum to entertain *nunc pro tunc* relief because it can conduct a hearing when factual determinations are involved. *Weiman*, 564 A.2d at 559.

Here, the trial court heard on-the-record oral argument on whether to grant Triple Crown *nunc pro tunc* relief. The trial court, which is in the best position to appreciate what occurred, believes its actions in styling its opinion as an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), contributed significantly to Triple Crown's confusion regarding whether to file an appeal or post-trial motions. (*See* Trial Court Op., 10/6/23, at 4-5.) After review, I would not find the trial court erred in its decision to grant Triple Crown *nunc pro tunc* relief; instead, I appreciate the trial court's honest and courageous evaluation. The trial court stated that it reached

> these conclusions because the styling of our opinion contributed to counsel's confusion in a manner which we, as a matter of conscience, deem to be significant. That these circumstances should now combine to deny Triple Crown the right to have this matter considered on appeal, would, in our view, be unjust.

(*Id.* at 5.) Faced with the same circumstances, I trust that I would have made the same decision. Accordingly, I would affirm the trial court's finding these unusual circumstances extraordinary for the purposes of *nunc pro tunc* relief, and Triple Crown's actions in reliance on the trial court's actions non-negligent. Therefore, I respectfully dissent from the Majority's reversal of the trial court's October 6, 2023 order granting Triple Crown *nunc pro tunc* relief, and I believe this Court should review the underlying merits of Triple Crown's appeal from the trial court's May 10, 2023 judgment.

_____
**RENÉE COHN JUBELIRER,** President Judge

RCJ - 2